## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**MADISION MECHANICAL, INC., et al.,**

**Plaintiffs,**

v.

**THE HARTFORD FINANICAL SERVICES, et al.,**

**Defendants.**

Civil Action No.: 1:17-cv-01357-GLR

## MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs Madison Mechanical, Inc., Madison Mechanical OS Corp., Madison Mechanical Contracting, LLC, Glenn A. Haslam, Gary Garofalo, Richard Arnold, Lawrence P. Kraemer, and Richard M. Lombardo (collectively, "Plaintiffs") hereby move for partial summary judgment on their claims against Defendant Twin City Fire Insurance Co. ("Twin City").

For the reasons set forth in greater detail in the accompanying memorandum, Plaintiffs are entitled to judgment as a matter of law, and a declaration that: (1) Twin City must provide a defense to claims brought against Plaintiffs by Robert Buczkowski in a lawsuit filed in the Circuit Court for Baltimore County, Maryland, Case No. 03-C-16-005782 (the "Buczkowski Lawsuit"); (2) Twin City must reimburse Plaintiffs for all costs incurred by Plaintiffs in defense of the Buczkowski Lawsuit; and (3) in the event of a judgment against Plaintiffs in the Buczkowski Lawsuit, Twin City is required to indemnify Plaintiffs. Plaintiffs also are entitled to their reasonable attorneys' fees incurred in bringing this lawsuit.

Gary R. Jones (Fed. Bar No: 06402)
grj@bbsclaw.com
Anthony P. Ashton (Fed. Bar No.: 25220)
apa@bbsclaw.com
Danielle M. Vranian (Fed. Bar No.: 29734)
dmv@bbsclaw.com
Baxter, Baker, Sidle, Conn & Jones, P.A.
120 Baltimore Street, Suite 120
Baltimore, MD 21202
Phone: (410) 230-3800
Fax: (410) 230-3801

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of July, 2017, a copy of the foregoing Motion for Partial Summary Judgment, Memorandum in Support thereof, and proposed Order was sent electronically via ECF to:

> Timothy F. Maloney, Esquire
> Joseph M. Creed, Esquire
> Alyse L. Prawde, Esquire
> Joseph, Greenwald & Laake, P.A.
> 6404 Ivy Lane, Suite 400
> Greenbelt, Maryland 20770
> *Counsel for Defendant Robert Buczkowski*
>
> Charles C. Lemley, Esquire
> Nicole Richardson
> Wiley & Rein, LLP
> 1776 K. Street, NW
> Washington, D.C. 20006
> *Counsel for Defendant Twin City Fire Insurance Co.*

_____
Gary R. Jones (Fed. Bar No: 06402)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **MADISION MECHANICAL, INC.,  et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**THE HARTFORD FINANICAL SERVICES, et al.,**<br><br>**Defendants.** | Civil Action No.: 1:17-cv-01357-GLR |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs Madison Mechanical, Inc., Madison Mechanical OS Corp., Madison Mechanical Contracting, LLC, Glenn A. Haslam, Gary Garofalo, Richard Arnold, Lawrence P. Kraemer, and Richard M. Lombardo (collectively, "Plaintiffs") hereby move for partial summary judgment on their claims against Defendant Twin City Fire Insurance Co. ("Twin City"), and state:

## I.    INTRODUCTION

This case involves an insurer, Twin City, that impermissibly is refusing to provide a defense to a claim that is covered by insurance policies.  The denial is based primarily on Twin City's allegation that the insureds, Plaintiffs, did not give notice of the claim in a timely matter. *See* Twin City's Answer, Third Affirmative Defense.  Because it cannot, Twin City does not allege that the timing of the notice precluded Twin City from investigating the claim or in any way prejudiced it with regard to defense of the claim.  Accordingly, Maryland statutory law requires that Twin City provide a defense to, and coverage for, the claim.  Based upon Twin City retaining all premiums paid for both the 2015 and 2016 insurance policies issued to Plaintiffs, and failing to rescind any insurance policy, Twin City has waived any supposed right to avoid an insurance

policy.  Furthermore, under Maryland law, Plaintiffs also are entitled to their reasonable attorneys'
fees incurred in bringing this lawsuit.

## II.     UNDISPUTED FACTS

Twin City issued two policies that are at issue in this case.  The first policy, Policy Number
42 KB -246935-15 (the "2015 Policy") covered claims made from May 1, 2015 through May 1,
2016.  *See* Exhibit 4 to Complaint.  The second policy, Policy Number 42 KB 0256935-16 (the
"2016 Policy") covered claims made from May 1, 2016 through May 1, 2017.  *See* Exhibit 2 to
Complaint.  The policies covered "Directors, Officers, and Entity Liability," "Employment
Practices Liability," and "Fiduciary Liability."  *See* Exhibit 1 at 3[1] (also attached to ECF # 21,
Exhibit A to Twin City Counterclaim); Exhibit 2 at 3 (also attached to ECF # 21, Exhibit D to
Twin City Counterclaim).  Twin City admits that the policies at issue are "claims-made" policies.
*See* ECF # 21, Twin City Counterclaim, ¶ 24.  Plaintiffs paid, and Twin City accepted and kept
premiums for the policies.  *See* Affidavit of Glenn Haslam, ¶ 5.  Twin City never canceled nor
rescinded the policies.  *See id.,* ¶ 6.

The 2015 Policy and 2016 Policy each provide: "'**Claim**" shall have the meaning specified
for such term in the Coverage Part.  Exhibit 1 at 9; Exhibit 2 at 9.  The Directors, Officers, and
Entity Liability Coverage Part of each policy expressly provides that "'**Claim'** means any (1)
**Insured Person Claim**; (2) **Entity Claim** ; (3) **Derivative Demand**."  Exhibit 1 at 22 and Exhibit
2 at 24.  In turn, the policies provide substantially the same definitions:

> "**Derivative Demand**" means any written demand by any security holders of
> an **Insured Entity**, in their capacity as such, upon the board of directors or
> managers of such **Insured Entity** to bring a civil proceeding against the
> **Manager** for a **Wrongful Act** of such **Manager** if such demand is made
> without the assistance, participation or solicitation of any Manager.   A

---

[1] All exhibits are attached to the Affidavit of Glenn Haslam.

**Derivative Demand** shall be deemed commence by the receipt of the demand.

**"Entity Claim"** means any:

(1) written demand for monetary damages or other civil non-monetary relief commenced by the receipt of such demand;

(2) civil proceeding, including an arbitration or other alternative dispute proceeding, commenced by the service of a complaint, filing of a demand for arbitration, or similar pleading; or

(3) criminal proceeding commenced by the return of indictment, or formal administrative or regulatory proceedings commenced by the filing of a notice of charges, or similar document;

against an **Insured Entity**.

**Entity Claim** also means a written request to an Insured Entity to toll or waive a statute of limitations regarding a potential **Entity Claim** as described above.  Such **Claim** shall be commenced by the receipt of such request.

*       *       *

**"Insured Person Claim"** means any:

(1) written demand for monetary damages or other civil non-monetary relief commenced by the receipt of such demand against an **Insured Person**;[2]

(2) civil proceeding, including an arbitration or other alternative dispute proceeding, commenced by the service of a complaint, filing of a demand for arbitration, or similar pleading against an **Insured Person**;

(3) criminal proceeding commenced by the return of indictment, or formal administrative or regulatory proceedings commenced by the filing of a notice of charges, or similar document against an **Insured Person**; or

(4) formal civil, criminal, administrative or regulatory investigation of an **Insured Person** in which such **Insured Person** is being investigated pursuant to a Wells Notice, target letter (within the meaning of Title 9, §11.151 of the U.S. Attorney's Manual), subpoena or similar document, as someone against a proceeding as set forth above may be brought.

**Insured Person Claim** also means a written request to an **Insured Person** to toll or waive a statute of limitations regarding a potential **Insured Person**

---

[2] The language "against an **Insured Person**" in the numbered paragraphs appears in the 2016 Policy, but not in the 2015 Policy.  The language of numbered paragraph (4) also appears in the 2015 Policy, but the paragraph in which it appears is not numbered.

3

**Claim** as described above. Such **Claim** shall be commenced by the receipt of such request.

On May 10, 2016, Mr. Buczkowski sent to Mr. Haslam and Madison Mechanical OS Corp. a letter, demanding the commencement of a derivative action. *See* Haslam, ¶ 7; Exhibit 3.

On June 29, 2016, Plaintiffs were served with a complaint filed by Robert Buczkowski in the Circuit Court for Baltimore County, Maryland, Case No. 03-C-16-005782 (the "Buczkowski Lawsuit"). *See id.,* ¶ 8. The Complaint attempts to assert causes of action against directors, officer, and corporate entities for breach of the contract allegedly governing Mr. Buczkowski's employment, breach of fiduciary duty, minority shareholder oppression, unjust enrichment allegedly resulting from the termination of Mr. Buczkowski's employment, and unfair competition related to individual Plaintiffs' positions as officer and directors. *See* Exhibit 4.

On July 29, 2016, counsel for Plaintiffs sent Twin City a copy of the complaint filed by Mr. Buczkowski, Plaintiffs' answer to the complaint, and Plaintiffs' counterclaim in the Buczkowski Lawsuit. *See* ECF # 21, Twin City Answer, ¶ 31. At the time Twin City received such pleadings, the court in the Buczkowski Lawsuit had not issued a Scheduling Order, no witness had been deposed, no party had responded to any discovery requests, and no such responses were due. *See* Haslam Affidavit, ¶ 9.

After reviewing the pleadings in the Buczkowski Lawsuit, on October 18, 2016, Twin City sent a letter to counsel for Plaintiffs, providing:

> This confirms that Twin City will provide a defense of the lawsuit for the covered entities and persons, as described below, subject to its reservation of rights. By commenting on coverage herein, we do not mean to suggest that the allegations in the complaint—which are completely unsubstantiated— have any merit.
>
> *         *         *
>
> Madison Mechanical OS Corp., and Mechanical Contracting, LLC are **Insured Entities** under the Policy pursuant to Endorsement No. 19 . . . .

4

Rick Arnold therefore qualifies as an **Insured Person** because he is a **Manager** of Madison Mechanical Contracting, LLC. Glenn Haslam qualifies as an **Insured Person** because he is a **Manager** of Madison Mechanical, Inc., Madison Mechanical OS Corp., and Madison Mechanical Contracting, LLC. Gary Garofalo qualifies as an **Insured Person** because he is a **Manager** of Madison Mechanical, Inc. and Madison Mechanical OS Corp.

\*      \*      \*

...[P]lease send us the November 11, 2015[3] correspondence from Buczkowski wherein he alleged demanded, through counsel, that the members of the new company cease their alleged diversion of business and corporate opportunities from Madison Mechanical, Inc. and Madison Mechanical OS Corp. Please also send us all other correspondence among Buczkowski, the **Insured Entities**, and the Insured Persons with respect to this matter prior to the filing of the lawsuit ....

Twin City reserves the rights with respect to the applications, including its rights to disclaim coverage for any prior claims or any claim based upon, arising from, or in any way related to any error, misstatement, misleading statement, act, omission, neglect or breach of duty of which there was knowledge or information at the time the application was signed.

*See* Exhibit 5.

Despite Twin City's repeated confirmation over a several month period that it was providing a defense to the Buczkowski Lawsuit, it failed to provide any such defense. *See* Haslam Affidavit, ¶ 11. Instead, in an April 19, 2017 letter, Twin City claimed that the underlying claim of the Buczkowski Lawsuit arose in November 2015. *See* Exhibit 6 at 3. Although there was a policy in place from May 1, 2015 through May 1, 2016, which covered "Directors, Officers, and Entity Liability," "Employment Practices Liability," and "Fiduciary Liability," Twin City still failed to provide a defense, claiming that notice of the claim was not timely. Twin City did not

---

[3] Months prior to initiating the Buczkowski Lawsuit, counsel for Mr. Buczkowski sent a letter to Defendants Haslam, Garofalo, Arnold, Kraemer, and Lombardo, providing hypothetically that "if" certain things were true, then actions by these defendants would be improper. *See* ECF # 21, Twin City Counterclaim, ¶¶ 36-38; Exhibit 7. Plaintiffs do not admit that there is any validity to the allegations in that letter.

claim that any allegedly belated notice precluded Twin City from investigating the claim or any way prejudiced it with regard to defense of the claim. *See id.* Nor does Twin City allege that it even tried, but was unable, to conduct an investigation of the facts underlying the Buczkowski Lawsuit. *See id.* Instead, Twin claimed that it would not have issued the policy covering claims made from May 1, 2016 through May 2017 if it had known of the November 11, 2015 letter, which Twin City acknowledged receiving by no later than February 27, 2017. *See id.* Still, Twin City never canceled nor rescinded the policy for any year and kept all premiums paid. *See* Haslam Affidavit, ¶¶ 5-6. The 2016 Policy expired by its own terms on May 1, 2017.

### III.   STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The law is well settled that summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which he or she bears the burden of proof." *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp.2d 669, 671 (1999). Moreover, the mere existence of some alleged factual dispute will not suffice; only factual disputes that could affect the outcome of a case will do. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

### IV.   ARGUMENT

#### A.   The November 11, 2015 Letter Was Not a "Claim"

"Claim" is a defined term under the policies, and its definition does not include the contents of the November 11, 2015 letter. According to the express language of the policies, a "Claim" requires: "written demand by any security holders. . . to bring a civil proceeding against the **Manager** for a **Wrongful Act** of such **Manager**," *i.e.*, a demand for commencement of a derivative action; a "written demand for monetary damages or other civil non-monetary relief

6

commenced by the receipt of such demand;" "civil proceeding, including an arbitration or other alternative dispute proceeding, commenced by the service of a complaint, filing of a demand for arbitration, or similar pleading;" criminal proceeding; "formal civil, criminal, administrative or regulatory investigation;" or a request to "toll or waive a statute of limitations." *See* Exhibit 1 at 20; Exhibit 2 at 23. Twin City is bound by the policies' definition of "Claim." *See Valliere v. Allstate Ins. Co.*, 324 Md. 139, 142, 596 A.2d 636, 638 (1991) (citing *Women's Hospital v. Fid. & Guar. Co.*, 177 Md. 615, 623, 11 A.2d 457, 461 (1940)).

Twin City improperly denied coverage under the 2016 Policy based upon its position that the November 11, 2015 letter (Exhibit 7) is a "Claim," and Plaintiffs failed to give timely notice of that "Claim." The November 11, 2015 letter does not demand monetary damages or other civil non-monetary relief commenced by the receipt of such demand. That letter was not part of any civil proceeding, including an arbitration or other alternative dispute proceeding, commenced by the service of a complaint, filing of a demand for arbitration, or similar pleading. There has never been a criminal proceeding related to the matters referenced in the November 11, 2015 letter, nor has there been any formal civil, criminal, administrative or regulatory investigation. It also does not request the tolling or waiver of any statute of limitations. Consequently, the November 11, 2015 letter is not a "Claim" under either policy, and Twin City's denial of coverage constitutes a breach of contract.

Furthermore, Mr. Buczkowski's May 10, 2016 letter expressly demands the commencement of a derivative action. *See* Exhibit 3. Thus, by definition, it is a "Derivative Demand," and a "Claim" under the 2016 policy, whose term began *nine days before* Mr. Buczkowski sent his letter. On June 29, 2016, Plaintiffs were served with a complaint in the Buczkowski Lawsuit. *See* Haslam Affidavit, ¶ 8. The Buczkowski Lawsuit is a "civil proceeding,

7

including an arbitration or other alternative dispute proceeding, commenced by the service of a complaint, filing of a demand for arbitration, or similar pleading," *i.e.*, it is also a "Claim" as defined by the 2016 Policy. Accordingly, as a matter of law, and as Twin City acknowledged in its October 18, 2016 letter, Twin City has a duty to defend Plaintiffs under the 2016 Policy. Because Twin City has breached that contractual duty, Plaintiffs are entitled to judgment as a matter of law. Furthermore, Plaintiffs are entitled to their attorneys' fees in bringing this action. *See Riviera Beach Volunteer Fire Co., Inc. v. Fidelity & Casualty Company of New York*, 388 F. Supp. 1114, 1120 (1975) ("an unjustified refusal by the insurer to properly carry out that duty constitutes a breach of contract subjecting it to liability for any damages suffered by the insured as a result thereof, . . . including any attorney's fees incurred by the insured in bringing a declaratory judgment action to establish the insurer's breach") (citations omitted).

## B.    Section 19-110 of the Insurance Article Dictates that Twin City Provide Coverage

Twin City cannot meet its burden of showing actual prejudice based upon any allegedly late notice of a "Claim." Maryland statutory law provides:

> An insurer may disclaim coverage on a liability insurance policy on the ground that the insured or a person claiming the benefits of the policy through the insured has breached the policy by failing to cooperate with the insurer or by not giving the insurer required notice *only if the insurer establishes by a preponderance of the evidence that the lack of cooperation or notice has resulted in actual prejudice to the insurer*.

MD. CODE, INS., § 19-110 (emphasis added). Earlier this year, the Maryland Court of Appeals explained that "Section 19-110 requires the insurer to show how it was prejudiced by the insured's late notice in investigating, settling, or defending of the underlying actions." *National Union Fire Ins. Co. of Pittsburgh, PA. v. The Fund for Animals, Inc.*, 451 Md. 431, 457, 153 A.3d 123, 138 (2017). The court pointed out that it "has found actual prejudice in instances where the insured's breach has: precluded the insurer from establishing a legitimate jury issue or presenting potentially

outcome-determinative evidence . . . ; hampered the insurer from presenting a credible defense . . . ; or impeded an insurer's right to involvement or participation in the litigation." *Id.* Moreover, an alleged eight-month delay, in and of itself, will not suffice to show prejudice. As the Court of Appeals noted, even a six-year delay in giving notice does not necessitate a finding a prejudice. *Id.* at 455, 153 A.3d at 137. (citing *Woodfin Equities Corp. v. Harford Mut. Ins. Co.*, 110 Md. App. 616, 656, 678 A.2d 116, 135 (1996), *vacated on other grounds*, 344 Md. 399, 687 A.2d 652 (1997)).

Here, after reviewing the complaint in the Buczkowski Lawsuit, Twin City agreed to defend Plaintiffs Madison Mechanical OS Corp., Mechanical Contracting, LLC, Arnold, Haslam, and Garofalo under the 2016 Policy. Thereafter, it reneged on its promise to defend, and took the position that the "Claim" occurred during the term of the 2015 Policy, and that notice of the "Claim" was untimely. As set forth above, this position is without merit. Moreover, Twin City cannot deny that the 2015 Policy was in effect on November 11, 2015. In refusing to provide coverage under either policy, Twin City ignores the plain statutory language governing policies such as those at issue in this case. Twin City does not assert that its defense of the Buczkowski Lawsuit (or even the letter dated November 11, 2015) was in any way compromised by allegedly late notice. Twin City does not allege that it even attempted to conduct an investigation of the underlying "Claim." This, too, precludes any assertion of prejudice. *See General Acc. Ins. Co. v. Scott*, 107 Md. App. 603, 617, 669 A.2d 773, 780 (1996) ("An insurer cannot assert prejudice with regard to its ability to conduct an investigation that it never even tried to conduct."). In fact, Twin City's contemporaneous statement about the allegations in the complaint of the Buczkowski Lawsuit was that they were "completely unsubstantiated." *See* Exhibit 5.

Accordingly, assuming *arguendo*, that the "Claim" arose during the term of the 2015 Policy, because Twin City cannot establish that it was prejudiced "in investigating, settling, or defending of the underlying action[]," Section 19-110 dictates that Twin City provide coverage for "Directors, Officers, and Entity Liability," "Employment Practices Liability," and "Fiduciary Liability" under the 2015 Policy.   Consequently, Plaintiffs Madison Mechanical OS Corp., Haslam, and Garofalo, all of whom were covered by such policy, are entitled to judgment as a matter of law.  Plaintiffs also are entitled to their attorneys' fees in bringing this action.  *See Riviera Beach Volunteer Fire Co., Inc.* at 388 F. Supp. at 1120.

### C.      Twin City Waived Any Alleged Right to Avoid the 2016 Policy

Twin City has waived any right it may have had to avoid the policy that provided coverage from May 1, 2016 through May 1, 2017 based upon an alleged misrepresentation during the application process for that policy.  Twin City claims that if it had known of the November 11, 2015 letter prior to issuing that policy, it would not have done so.  This argument is belied by the fact that Twin City received a copy of the November 11, 2015 as of February 27, 2017, yet never rescinded that policy nor returned the premium paid by Plaintiffs.  In *Foremost Guar. Corp. v. Meritor Sav. Bank*, the Fourth Circuit noted:

> A discussion of waiver is also in order with regard to the loans United Guaranty insured before it had possession of the placement memorandum. United Guaranty began insuring loans that are the subject of this action on May 1, 1985.  It did not receive the placement memorandum, however, until the last week in May. The document was reviewed by its legal counsel not later than May 31, 1985.  In spite of the contradictions the document brought to light, United Guaranty continued to accept premiums and insure EPIC loans. *It did not refund the premiums previously paid.*  Only after default and after its attempted rescission did United Guaranty refund any premiums. *If an insurer fails to act, however, after it discovers the grounds for rescission, or after it learns facts which would put a reasonably prudent insurer on notice to inquire further, the right to rescind may be waived....* [U]pon discovering a basis for rescission, an insurance company must take action to avoid the policy within a reasonable time or it will be deemed to waive the right to do so.

910 F.2d 118, 129 (1990) (citing *Bowles v. Mutual Ben. Health and Acc. Ass'n*, 99 F.2d 44 (4th

Cir. 1938). Because Twin City kept all premiums paid by Plaintiffs, its attempt to avoid the policy

that provided coverage from May 1, 2016 through May 1, 2017 fails.   Accordingly, Plaintiffs

Madison Mechanical OS Corp., Mechanical Contracting, LLC, Arnold, Haslam, and Garofalo, all

of whom were covered by such policy, are entitled to judgment as a matter of law regarding Twin

City's refusal to honor the policy that provided coverage from May 1, 2015 through May 1, 2016.

Plaintiffs also are entitled to their attorneys' fees in bringing this action.   *See Riviera Beach

Volunteer Fire Co., Inc.* at 388 F. Supp. at 1120.

### D.    Twin City Breached Its Independent Duty to Defend

After reviewing the complaint in the Buczkowski Lawsuit, in its October 18, 2016 letter,

Twin City acknowledged its duty to defend against claims that Mr. Buczkowski set forth in that

complaint, *i.e.*, claims attempting to establish "Directors, Officers, and Entity Liability,"

"Employment Practices Liability," and "Fiduciary Liability."   Although Twin City seeks to

conflate the two, "[a]n insurance company's duty to defend is separate and distinct from the

company's duty to pay a resulting judgment." *See Steyer v. Westvaco Corp.*, 450 F. Supp. 384,

389 (D. Md. 1978).  In its Counterclaim, Twin City seeks to describe Mr. Buczkowski's claims in

a way in which some might not be covered by the applicable polices.  Twin City's attempt to avoid

liability by a self-serving description of claims in the complaint in the Buczkowski Lawsuit is

defeated by a simple reading of the actual complaint.   Furthermore, even if Twin City's

descriptions of certain claims were accurate, those descriptions would not relieve it of its duty to

defend. As the court held in *Steyer*:

> Once it is determined that the insurance policy creates a duty to defend
> against claims made within the policy's coverage and it is further determined
> that the complaint alleges a cause of action within the policy's coverage, the
> company is obligated to defend the suit, notwithstanding alternative

11

allegations outside the policy's coverage, until such time, if ever, that the claims have been limited to ones outside the policy coverage.

*Id.* (citing *Brohawn v. Transamerica Ins. Co.*, 276 Md. 396, 347 A.2d 842 (1975) (implicit); *Employers Mutual Liability Ins. Co. v. Hendrix*, 199 F.2d 53, 56-57 (4th Cir. 1952); *Bundy Tubing Co. v. Royal Indemnity Co.*, 298 F.2d 151, 154 (6th Cir. 1962)).

Here, the allegations in the Buczkowski Lawsuit allege direct and derivative claims against directors, officer, and corporate entities for breach of the contract allegedly governing Mr. Buczkowski's employment, breach of fiduciary duty, minority shareholder oppression, unjust enrichment allegedly resulting from the termination of Mr. Buczkowski's employment, and unfair competition related to individual Plaintiffs' positions as officer and directors. In other words, the complaint in the Buczkowski Lawsuit explicitly attempts to establish "Directors, Officers, and Entity Liability," "Employment Practices Liability," and "Fiduciary Liability" – claims covered by the insurance purchased by one or more Plaintiffs in this case. Thus, regardless of what facts ultimately might be proven in the Buczkowski Lawsuit, Twin City is required to provide a defense in that lawsuit. Under Maryland law, this would be true even if there were doubt as to whether such claims were covered. *See U.S. Fidelity & Guaranty Co. v. National Paving & Contracting Co.*, 228 Md. 40, 54, 178 A.2d 872, 879 (1962) ("'in case of doubt as to whether or not the allegations of a complaint against the insured state a cause of action within the coverage of a liability policy sufficient to compel the insurer to defend the action, ***such doubt will be resolved in insured's favor***.'") (quoting 50 A.L.R.2d 458, 504) (emphasis in original).

Accordingly, as a matter of law, Plaintiffs Madison Mechanical OS Corp., Mechanical Contracting, LLC, Arnold, Haslam, and Garofalo are entitled to judgment as a matter of law. They also are entitled to a declaration that Twin City is obligated to provide a defense in the Buczkowski Lawsuit.

12

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs are entitled to judgment as a matter of law, and a declaration that: (1) Twin City must provide a defense to claims brought against them by Robert Buczkowski in a lawsuit filed in the Circuit Court for Baltimore County, Maryland (the "Buczkowski Lawsuit"); (2) Twin City must reimburse Plaintiffs for all costs incurred by Plaintiffs in defense of the Buczkowski Lawsuit; and (3) in the event of a judgment against Plaintiffs in the Buczkowski Lawsuit, Twin City is required to indemnify Plaintiffs.  Furthermore, Plaintiffs also are entitled to their reasonable attorneys' fees incurred in bringing this lawsuit.

Respectfully submitted,

_____

Gary R. Jones (Fed. Bar No: 06402)
grj@bbsclaw.com
Anthony P. Ashton (Fed. Bar No.: 25220)
apa@bbsclaw.com
Danielle M. Vranian (Fed. Bar No.: 29734)
dmv@bbsclaw.com
Baxter, Baker, Sidle, Conn & Jones, P.A.
120 Baltimore Street, Suite 120
Baltimore, MD 21202
Phone: (410) 230-3800
Fax: (410) 230-3801

*Attorneys for Plaintiffs*