IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MADISON MECHANICAL, INC., et al.,   :

      Plaintiffs and          :
      Counter-Defendants,
                              :
      v.                         Civil Action No. GLR-17-1357
                              :

TWIN CITY INSURANCE CO.,

                              :
      Defendant and
      Counter-Plaintiff,      :

      v.                        :

ROBERT BUCZKOWSKI,       :

      Defendant and          :
      Cross-Defendant.[1]

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on three Motions: Plaintiffs Madison

Mechanical, Inc., Madison Mechanical OS Corp., Madison Mechanical Contracting,

LLC, Glenn A. Haslam, Gary J. Garofalo, Richard Arnold, Lawrence P. Kraemer, and

Richard M. Lombardo's Motion to Dismiss Defendant Twin City Fire Insurance Co.'s

("Twin City") Counterclaim (ECF No. 22) and Motion for Partial Summary Judgment

(ECF No. 30).[2]  Also pending before the Court is Twin City's Cross-Motion for

---

[1] Although Twin City brings its Counterclaim against Robert Buczkowski, because Buczkowski is Twin City's Co-Defendant, its Counterclaim against Buczkowski is a Crossclaim.

[2] Plaintiffs Haslam, Garofalo, Kraemer, Lombardo, and Arnold are members of Madison Mechanical Contracting, LLC. (Compl. ¶ 17, ECF No. 2). Accordingly, the Court will refer to them collectively as the "Member Plaintiffs."

Summary Judgment (ECF No. 34).[3]   The Motions are fully briefed and ripe for disposition.  No hearing is necessary.  <u>See</u> Local Rule 105.6 (D. Md. 2016).  For the reasons that follow, the Court will deny Plaintiffs' Motion to Dismiss and Motion for Partial Summary Judgment and grant in part and deny as moot in part Twin City's Motion for Summary Judgment.

## I.   BACKGROUND[4]

### A.   <u>Madison Mechanical Contracting, LLC and Buczkowski's Termination</u>

This declaratory action is an insurance-coverage dispute arising out of Plaintiffs' formation of Madison Mechanical Contracting, LLC ("MM LLC") in an alleged effort to take business from Madison Mechanical, Inc. ("MM Inc."), a wholly owned subsidiary of Madison Mechanical OS Corp. ("MM Corp.").   (Buczkowski's Compl. ["Underlying Compl."] ¶¶ 73–74, ECF No. 2-2).

---

[3] In addition, Buczkowski's Motion to Dismiss Complaint or, in the Alternative, to Stay this Action (ECF No. 7) and Motion to Dismiss Twin City's Counterclaim or, in the Alternative, to Stay this Action (ECF No. 26) are also before the Court.  In Buczkowski's Motions, he moves for the Court to dismiss or stay this action pending resolution of <u>Buczkowki v. Madison Mechanical Contracting, LLC, et al.</u>, Case No. 03-C-16-005782 (Cir. Ct. Balt. Cty. filed May 27, 2016) (the "Underlying Action").  Buczkowski argues that a declaratory judgment is inappropriate at this time because the Underlying Action involves a determination of Buczkowski's stock ownership in Madison Mechanical OS Corp., and this action involves a dispute over policy exclusions related to his level of ownership.  Because the Court will conclude that Twin City has no duty to defend or to indemnify Plaintiffs in the Underlying Action for reasons unrelated to Buczkowski's stock ownership, the Court will deny as moot Buczkowski's Motions.

[4] The Court draws the majority of the facts that follow from the pleadings in both this action and the Underlying Action in the Circuit Court for Baltimore County, Maryland.  To the extent that the Court draws facts from the parties' exhibits, those facts are undisputed and construed in the light most favorable to the non-movant.

In 2002, Buczkowski began his position as Chief Financial Officer of MM Inc. (Id. ¶¶ 21–22). In December 2007, when the owner of MM Inc. died, Haslam, Garofalo, Buczkowski, Lombardo, and Kraemer formed MM Corp. to purchase MM Inc. and operate it as a wholly owned subsidiary of MM Corp. (Id. ¶¶ 27–28, 30). That same month, MM Corp. purchased all outstanding shares of MM LLC stock, making it the sole shareholder in MM Inc. (Id. ¶¶ 31–32). Under the MM Corp. shareholder agreement, the shares of MM Corp. were owned as follows: Haslam: 54%; Garofalo: 13%; Buczkowski: 13%; Lombardo: 10%; and Kraemer: 10%. (Id. ¶ 36).

From 2013 to 2015, MM Corp. engaged in ongoing discussions with Arnold about buying shares in MM Corp. or forming a new entity with existing MM Corp. shareholders. (Id. ¶ 67). On August 20, 2015, the Member Plaintiffs formed MM LLC, excluding Buczkowski. (Id. ¶¶ 71–72). Buczkowski first learned of MM LLC's existence in November 2015. (Id. ¶ 77).

On November 11, 2015, Buczkowski, through counsel, sent the Member Plaintiffs a letter regarding the formation of MM LLC. (Id. ¶ 78). In the letter, Buczkowski asserted that the purpose of MM LLC's formation was to "divert the business and client base of Madison Mechanical for the benefit of Madison Mechanical Contracting, LLC and to the detriment of Madison Mechanical." (Def. Twin City's Cross-Mot. Summ. J. & Opp'n ["Def.'s Cross-Mot."] Ex. 4 ["Nov. 2015 Letter"] at 2, ECF No. 21-7; Underlying Compl. ¶ 78). The letter characterizes these actions as "legally improper" and notes that it "could lead to a cause of action for breach of fiduciary duty, interference with a contractual relationship, interference with an economic relationship, civil conspiracy, and

other potential causes of action." (Nov. 2015 Letter at 2). The letter further asserts that it is putting the Member Plaintiffs "on notice of the potential litigation liability of such actions both on a corporate and personal level." (Id.).

Seven days later, MM Corp. or MM Inc. terminated Buczkowski "for cause, effective immediately."[5] (Underlying Compl. ¶ 81; Pls.' Reply Ex. 2, ECF No. 40-3). Terminating Buczkowski "for cause" was "an attempt to force a transfer of his stock" in MM Corp. (Underlying Compl. ¶ 85). On December 21, 2015, after Buczkowski's termination, Member Plaintiffs, MM LLC, and MM Corp. dissolved MM Inc. (Id. ¶ 91).

On January 14, 2016, MM Corp., through counsel, sent Buczkowski a letter demanding that he sell his stock in MM Corp. back to the company for $0 because he was terminated for cause. (Id. ¶¶ 88–89). Buczkowski refused to do so. (Id. ¶ 89).

On May 10, 2016, almost six months later, Buczkowski sent a demand letter to Haslam and MM Corp. (Id. ¶¶ 170; Pls.' Mot. Partial Summ. J. ["Pls.' Mot."] Ex. 3, ECF No. 30-4). MM Corp. responded on May 13, 2016, explaining that MM Corp.'s board had rejected Buczkowski's demand as "baseless." (Underlying Compl. ¶ 171).

## B.    Plaintiffs' Insurance Policies

MM Inc. purchased two insurance policies from Twin City that contain Directors, Officers, and Entity ("DO&E") liability coverage for the Madison Mechanical entities and their directors, officers, and managers. (Def.'s Cross-Mot. Ex. 3 ["2015 Policy"] at 7, ECF No. 34-4; id. Ex. 6 at 3, 98 ["2016 Policy"], ECF No. 34-7; Pls.' Mot. Ex. 6 at 3–

---

[5] In the Underlying Action, Buczkowski alleges that because his termination letter came from MM Inc., MM Corp.'s subsidiary, that "it could not possibly be a termination (with or without cause)" by MM Corp. (Underlying Compl. ¶ 86).

4, ECF No. 40-7).[6]  The first policy covers liability from May 1, 2015 to May 1, 2016

(the "2015 Policy").  (2015 Policy at 3).  The second policy covers liability from May 1,

2016 to May 1, 2017 (the "2016 Policy" and, collectively with the 2015 Policy, the

"Policies").  (2016 Policy at 3)

On December 29, 2015, Haslam submitted an application to add MM LLC to the

existing 2015 Policy's DO&E liability coverage, effective January 1, 2016 (the "2015

Application").  (Def.'s Cross-Mot. Ex. 5 at 1–2 ["2015 Application"], ECF No. 34-6).

Relevant to this case, the 2015 Application contained a "Prior Knowledge" question,

which provides:

> With respect to each coverage currently purchased, did
> any Applicant or any natural person for whom insurance is
> intended have any knowledge or information, as of the "date
> of coverage first purchased," of any error, misstatement,
> misleading statement, act, omission, neglect, breach of duty
> or other matter that may give rise or could have given rise to a
> claim.[7]

(2015 Application at 2).  Haslam answered "no" to this question.  (Id.).

Directly underneath the "Prior Knowledge" question, in a shaded box, appears an

exclusion (the "Prior Knowledge Exclusion"):

---

[6] Citations to the 2015 and 2016 Polices refer to the pagination assigned by the Court's electronic filing system.

[7] Both Policies define "Claim" to include a "written demand for monetary damages or other civil non-monetary relief commenced by the receipt of such demand," or a "civil proceeding . . . commenced by the service of a complaint."  (2015  Policy at 20–21; 2016 Policy at 23–24).

> It is agreed that if any such knowledge or information existed, any claim based on, arising from, or in any way relating to such error, misstatement, misleading statement, act, omission, neglect, breach of duty, or other matter of which there was knowledge or information shall be excluded from coverage requested.

(Id.).[8]

## C.     <u>The Underlying Action</u>

On May 27, 2016, Buczkowski filed suit against MM LLC, MM Corp., and the Member Plaintiffs in the Circuit Court for Baltimore County, Maryland.  (ECF No. 2-2).  In his Complaint, Buczkowski alleges that MM LLC "took over ongoing projects that were previously being performed by [MM Inc.] as well as several contracts that had been negotiated under [MM Inc.]'s name and began performing the projects for the benefit of [MM LLC]."  (Underlying Compl. ¶ 104).  He further alleges that the purpose of MM LLC was to "take business and corporate opportunities from [MM Inc.] and [MM Corp.] for the benefit of [MM LLC] and its members."  (Id. ¶ 74; see also id. ¶¶ 106–15).

The Underlying Complaint brings fourteen claims, both direct and derivative, including breach of fiduciary and tortious interference with economic relations.  (Underlying Compl. ¶¶ 116–302).  Buczkowski seeks, among other relief, a declaration that he remains a 13% shareholder in MM Corp.  (Id. ¶ 118).

Plaintiffs sought defense and indemnification from Twin City under the 2016 Policy.  (See Compl. ¶¶ 31–32, ECF No. 2).  In April 2017, Twin City denied coverage

---

[8] The Prior Knowledge Exclusion appears in all capital letters in the 2015 Application.

under the Policies and refused to defend or indemnify Plaintiffs in the Underlying Action. (See Answer & Countercl. ¶¶ 53–54, ECF No. 21).

### D. Relevant Procedural History of this Declaratory Judgment Action

On April 14, 2017, Plaintiffs filed suit against The Hartford Products, Twin City, and Buczkowski in the Circuit Court for Baltimore County, Maryland seeking a declaratory judgment addressing, among other things, Twin City's duty to defend and duty to indemnify in the Underlying Action (Count I) and alleging Breach of Contract (Count II). (Compl. ¶¶ 44–52). On May 17, 2017, Defendants The Hartford Products and Twin City removed the case to this Court.[9] (ECF No. 1). On June 8, 2017, Twin City filed an Answer and Counterclaim against Plaintiffs and Robert Buczkowski. (ECF No. 21).

On June 21, 2017, Plaintiffs filed a Motion to Dismiss Twin City's Counterclaim. (ECF No. 22). Twin City filed its Opposition on July 11, 2017. (ECF No. 27). To date, Plaintiffs have not filed a Reply.

On July 27, 2017, Plaintiffs filed a Motion for Partial Summary Judgment.[10] (ECF No. 30). In response, on August 31, 2017, Twin City filed an Opposition and Cross-Motion for Summary Judgment. (ECF No. 34). Plaintiffs filed a combined Reply and

---

[9] On June 29, 2017, the Court granted the parties' Joint Motion to Amend/Correct the Parties Named as Defendants in Complaint (ECF No. 23), and terminated The Hartford Products as a Defendant. (ECF No. 24).

[10] Plaintiffs style their Motion as a Motion for "Partial" Summary Judgment because they move for summary judgment on whether Twin City is obligated to defend and indemnify Plaintiffs in the Underlying Action, but not other requests in Count I. Plaintiffs also do not move for summary judgment on Count II – Breach of Contract.

Opposition to Twin City's Motion on October 12, 2017. (ECF No. 40). Twin City filed

a Reply in Further Support of its Cross-Motion for Summary Judgment and in Response

to Plaintiffs' Opposition to Twin City's Cross-Motion for Summary Judgment. (ECF No.

43). To date, Plaintiffs have not filed a Reply to Twin City's Cross-Motion for Summary

Judgment.

## II.    DISCUSSION

### A.    Plaintiffs' Motion to Dismiss Twin City's Counterclaim

#### 1.    Rule 12(b)(6) Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint,"

not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of

defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v.

City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999)). A complaint fails to state a

claim if it does not contain "a short and plain statement of the claim showing that the

pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that

is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at

556). "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though

the plaintiff is not required to forecast evidence to prove the elements of the claim, the

complaint must allege sufficient facts to establish each element. Goss v. Bank of Am.,

N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

### 2. Analysis

The Declaratory Judgment Act, 28 U.S.C. § 2201 (2018), grants federal district courts discretion to entertain declaratory judgment actions. See Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). District courts have "discretion to entertain a declaratory judgment action if the relief sought (i) 'will serve a useful purpose in clarifying and settling the legal relations in issue' and (ii) 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" First Nationwide Mortg. Corp. v. FISI Madison, LLC, 219 F.Supp.2d 669, 672 (D.Md. 2002) (quoting Cont'l Cas. Co. v. Fuscardo, 35 F.3d 963, 965 (4th Cir. 1994)).

Plaintiffs contend that Twin City's Counterclaim "is merely a recitation of its affirmative defenses and seeks the same relief it would be afforded" if it prevailed on

Plaintiffs' claims. (Pls.' Mot. Dismiss Countercl. at 3, ECF No. 22). Twin City counters with three arguments: (1) its Counterclaim contains more facts and documents beyond the scope of the Complaint; (2) its Counterclaim is not a mirror image of the Complaint; and (3) even if the Counterclaim may be duplicative, dismissal is premature. The Court agrees with Twin City's second argument.

If declaratory judgment counterclaims are the "mirror image" of plaintiffs' claims, a court may dismiss them. See Sprint Nextel Corp. v. Simple Cell, Inc., No. CCB-13-617, 2014 WL 883982, at *2 (D.Md. Mar. 4, 2014); see also Biltmore Co. v. NU U, Inc., No. 1:15-CV-00288-MR, 2016 WL 7494474, at *3 (W.D.N.C. Dec. 30, 2016) (declining to dismiss declaratory judgment counterclaim that was "not entirely duplicative or redundant" of plaintiff's claim).

Here, Twin City's Counterclaim seeks a declaration that the Underlying Action is a claim first made under the 2015 Policy, and that it is not covered under the 2015 or 2016 Policy. Twin City's Counterclaim also seeks a declaration that it has no duty to defend or indemnify the Underlying Action under both Policies. The Complaint, by contrast, seeks only a coverage ruling on the 2016 Policy. Additionally, Plaintiffs request several declarations that Twin City does not seek, including declarations that Buczkowski was terminated for cause, that his ownership interest in MM Corp. was diluted to 7.77% prior to his termination, and that his interest was reduce to 0% as of the date of his termination.

Thus, the Court concludes that Twin City's Counterclaim is not duplicative or redundant of the Complaint.  Biltmore, 2016 WL 7494474, at *3.  Accordingly, the Court will deny Plaintiffs' Motion.

## A. Twin City's Motion for Partial Summary Judgment and Plaintiffs' Cross-Motion

### 1. Standard of Review

#### i. Rule 56 Standard of Review

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmovant, drawing all justifiable inferences in that party's favor. Ricci v. DeStefano, 557 U.S. 557, 586 (2009); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when the movant demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a), (c)(1)(A). Significantly, a party must be able to present the materials it cites in "a form that would be admissible in evidence," Fed.R.Civ.P. 56(c)(2), and supporting affidavits and declarations "must be made on personal knowledge" and "set out facts that would be admissible in evidence," Fed.R.Civ.P. 56(c)(4).

Once a motion for summary judgment is properly made and supported, the burden shifts to the nonmovant to identify evidence showing there is genuine dispute of material

fact.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).  The nonmovant cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another."  Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) (citation omitted).

A "material fact" is one that might affect the outcome of a party's case.  Anderson, 477 U.S. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)).  Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265.  A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor.  Anderson, 477 U.S. at 248.  If the nonmovant has failed to make a sufficient showing on an essential element of her case where she has the burden of proof, "there can be 'no genuine [dispute] as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

### 2. Cross-Motion for Summary Judgment

When the parties have filed cross-motions for summary judgment, the court must "review each motion separately on its own merits to 'determine whether either of the parties deserves judgment as a matter of law.'"  Rossignol v. Voorhaar, 316 F.3d 516,

523 (4th Cir. 2003) (quoting Philip Morris Inc. v. Harshbarger, 122 F.3d 58, 62 n.4 (1st Cir. 1997)). Moreover, "[w]hen considering each individual motion, the court must take care to 'resolve all factual disputes and any competing, rational inferences in the light most favorable' to the party opposing that motion." Id. (quoting Wightman v. Springfield Terminal Ry. Co., 100 F.3d 228, 230 (1st Cir. 1996)). This Court, however, must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. Drewitt v. Pratt, 999 F.2d 774, 778–79 (4th Cir. 1993). If the evidence presented by the nonmovant is merely colorable, or is not significantly probative, summary judgment must be granted. Anderson, 477 U.S. at 249–50.

**B.** **Analysis**

**1.** **Duty to Defend**

Plaintiffs and Twin City move for summary judgment on the same legal issue: whether Twin City has an obligation to defend Plaintiffs in the Underlying Action. The only differences between the parties' requests are that Twin City seeks a declaration under both the 2015 and 2016 Policies, while Plaintiffs request a determination only under the 2016 Policy.[11]

In Maryland,[12] to determine whether an insurer has an obligation to defend its insured in an underlying tort action, a court considers two questions. St. Paul Fire &

---

[11] The Court notes that Twin City seeks a declaration that the November 2015 Letter is a claim made under the 2015 Policy and reported under the 2016 Policy. The Court expresses no opinion on this issue.

[12] Because this case arises under the Court's diversity jurisdiction the Court will apply federal procedural law and state substantive law. See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 261 n.3 (4th Cir. 2013). The parties do not

Marine Ins. Co. v. Pryseski, 438 A.2d 282, 285 (Md. 1981) (quoting Aetna Cas. & Sur. Co. v. Cochran, 651 A.2d 859, 862 (Md. 1995)).  First, "what is the coverage and what are the defenses under the terms and requirements of the insurance policy?"  Id.  Second, "do the allegations in the tort action potentially bring the tort claim within the policy's coverage?"  Id.  "The first question focuses upon the language and requirements of the policy," while "the second question focuses upon the allegations of the tort suit."  Id.

The first question requires a court to construe the insurance policy as a matter of law and "ascertain the scope and limitations of coverage under the . . . insurance policies."  Utica Mut. Ins. Co. v. Miller, 746 A.2d 935, 939 (Md.Ct.Spec.App. 2000).  Maryland courts construe insurance contracts according to ordinary principles of contract construction.  Dutta v. State Farm Ins. Co., 769 A.2d 948, 957 (Md. 2001) (citing Kendall v. Nationwide Ins. Co., 702 A.2d 767, 770–71 (Md. 1997)).  If the terms of an insurance contract are unambiguous, "a court has no alternative but to enforce those terms."  Id. (citing Kendall, 702 A.2d at 773).  Although Maryland does not follow the rule that insurance contracts should be construed against the insurer as a matter of course, any ambiguity will be "construed liberally in favor of the insured and against the insurer as drafter of the instrument."  Id. (quoting Empire Fire & Marine Ins. Co. v. Liberty Mut. Ins. Co., 699 A.2d 482, 494 (Md. Ct. Spec. App. 1997)) (internal quotation marks and emphasis omitted).

---

dispute that the Policies were executed in Maryland and they cite to Maryland law in their briefs.  Accordingly, the Court applies Maryland law.

As for the second question, "[a]n insurance company has a duty to defend its insured for all claims that are potentially covered under the policy." <u>Walk v. Hartford Cas. Ins. Co</u>., 852 A.2d 98, 106 (Md. 2004). "[W]here a potentiality of coverage is uncertain from the allegations of a complaint, any doubt must be resolved in favor of the insured." <u>Cochran</u>, 651 A.2d at 863–64.

In attempting to establish that there is a potentiality of coverage, an insured may rely on extrinsic evidence, but only if the underlying complaint "neither conclusively establishes nor negates a potentiality of coverage." <u>Walk</u>, 852 A.2d at 106 (quoting <u>Cochran</u>, 651 A.2d at 864); <u>see</u> <u>Md. Cas. Co. v. Blackstone Int'l Ltd.</u>, 114 A.3d 676, 682 (Md. 2015) (ignoring extrinsic evidence because allegations of underlying complaint were conclusive that there was no potentiality of coverage).

Here, Twin City points to four exclusions that it contends bar coverage under both Policies the: (1) Percentage Shareholder Exclusion ("PSE"); (2) Insured v. Insured Exclusion ("IIE"); (3) Prior Knowledge Exclusion; and (4) Loss History Exclusion.[13]

---

[13] Under the PSE, Twin City is not obligated to defend or indemnify Plaintiffs "in connection with any Claim brought or maintained by or on behalf of an owner of 10% or more of the outstanding securities of an Insured Entity, either directly or beneficially." (2015 Policy at 53; 2016 Policy at 68). The IIE precludes coverage for "any Claim brought or maintained by or on behalf of . . . <u>any security holder</u> of an Insured Entity." (2015 Policy at 24; 2016 Policy at 28) (emphasis added). Twin City argues that these exclusions bar coverage because Buczkowski pleads that he owned a 13% share. Plaintiffs contend that the Court should examine its extrinsic evidence that they maintain tends to establish that Buczkowski owned less than a 10% share or had no ownership stake in MM Corp. at the time he filed the Underlying Complaint. Put differently, Plaintiffs assert that these exclusions do not apply to bar coverage.

Where, as here, "the question to be resolved in the declaratory judgment action will be decided in [a] pending action[ ], it is inappropriate to grant a declaratory judgment." <u>Chantel Assocs. v. Mount Vernon Fire Ins. Co.</u>, 656 A.2d 779, 787 (Md.

The Court agrees with Twin City with regard to the Prior Knowledge Exclusion, and therefore does not reach the second question of the coverage analysis. As a threshold matter, the Court first considers whether the 2015 Application is part of the 2016 Policy, before determining whether the Prior Knowledge Exclusion precludes coverage.[14]

### i. Integration of Application

At bottom, the Court concludes that the 2015 Application, and its Prior Knowledge Exclusion, is part of the 2016 Policy.

Plaintiffs do not dispute Twin City's interpretation of the Prior Knowledge Exclusion. Instead, Plaintiffs assert that Twin City does not point to any language in the 2015 or 2016 Policy to support its argument that the Prior Knowledge Exclusion is part of the 2016 Policy.[15] Because the Prior Knowledge Exclusion appears in the 2015

---

1995) (alterations in original) (quoting <u>Brohawn v. Transamerica Ins. Co.</u>, 347 A.2d 842, 848–49 (Md. 1975). Because there exists a dispute of material fact regarding Buczkowski's ownership stake in MM Corp., and this dispute is, in large part, the issue that the Underlying Action seeks to resolve, the Court declines to grant summary judgment in either parties' favor on these grounds.

[14] Because Plaintiffs request a declaration regarding Twin City's duty to defend only under the 2016 Policy and only as to the Underlying Action, which was reported during the 2016 Policy term, the Court confines its analysis to whether the 2015 Application is part of the 2016 Policy.

[15] Plaintiffs make two additional arguments as to why Twin City is obligated to defend and indemnify them in the Underlying Action. First, Plaintiffs assert that under § 19-110 of the Insurance Article of the Maryland Code, Twin City cannot meet its burden of showing by a preponderance of the evidence that Plaintiffs' late notice resulted in actual prejudice to Twin City's ability to defend the Underlying Action. <u>See</u> Md. Code Ann., Ins. § 19-110 (West 2018). Twin City counters that it is not arguing that it has no duty to defend based on late notice. Rather, it is arguing that exclusions in the Policies preclude coverage. Second, Plaintiffs contend that Twin City waived its right to avoid the 2016 Policy. Twin City avers that it never sought to rescind or avoid either of the Policies. Plaintiffs' arguments, therefore, attempt to rebut contentions Twin City does not raise. Accordingly, the Court does not address them.

Application, Plaintiffs argue, it is not part of the 2016 Policy. The Court disagrees for at least two reasons.

First, the 2016 Policy defines "Application" as "the application for this Policy, including any material or information submitted therewith or made available to the Insurer during the underwriting process, which application shall be on file with the Insurer . . . shall be deemed a part of this Policy and attached hereto." (2016 Policy, II. Common Definitions at 9) (emphasis added). Even if the Court were to construe this language narrowly and not consider the 2015 Application an application for "this Policy," the 2015 Application still falls under "material or other information submitted . . . to the Insurer during the underwriting process." (Id.). And such information is unambiguously deemed "part of" the 2016 Policy.

Second, the 2016 Policy further provides that "Application" encompasses "any warranty, representation or other statement provided to the Insurer in the past three years in connection with any policy or coverage part of which this Policy is a renewal or replacement." (Id.). Haslam submitted the 2015 Application—a "representation or other statement"—on December 29, 2015, which is "within the past three years," and the 2016 Policy was a renewal of the previous year's policy and DO&E coverage. (Id.). By its plain language, then, the 2016 Policy unambiguously incorporates the 2015 Application into its "Application" definition. Dutta, 769 A.2d at 957 (citing Kendall, 702 A.2d at 773). Thus, the 2015 Application is part the 2016 Policy.

The Court next considers whether the Prior Knowledge Exclusion bars coverage of the Underlying Action.

17

### ii. Prior Knowledge Exclusion

The Prior Knowledge question asks, with regard to "each coverage currently purchased," whether "any Applicant or any natural person for whom insurance is intended have any knowledge or information . . . of any error, misstatement, misleading statement, act, omission, neglect, breach of duty or other matter that <u>may give rise or could have given rise to a claim</u>." (2015 Application at 2) (emphasis added). The Prior Knowledge Exclusion precludes coverage for "<u>any claim based on, arising from, or in any way relating to</u> . . . [an] act . . . or other matter of which there was knowledge or information" at the time the 2015 Application was submitted. (2015 Application at 2) (emphasis added).

Here, there is no dispute of material fact that Buczkowski's letter put Plaintiffs on notice of acts that could give rise to a claim. Buczkowski sent his letter regarding MM LLC to the Member Plaintiffs on November 11, 2015. The letter accuses the Member Plaintiffs of diverting business opportunities from MM Inc. to MM LLC and described those actions as "legally improper." (Nov. 2015 Letter at 2). The letter further asserts that it is putting the Member Plaintiffs "on notice of the potential litigation liability of such actions both on a corporate and personal level." (<u>Id.</u>). Buczkowski also specifically states that these actions "could lead to a cause of action for breach of fiduciary duty, interference with a contractual relationship, interference with an economic relationship, . . . and other potential causes of action." (<u>Id.</u>). Finally, Buczkowski's letter asserts that he has a 13% ownership interest in MM Corp. and that he would prefer to "work out and potential differences while at the same time preserving his thirteen percent

(13%) interest in [MM Corp.]" instead of pursuing "civil litigation." (Id. at 3). Buczkowski's letter certainly falls under the scope of an "other matter that may give rise or could have given rise to a claim." And the Member Plaintiffs certainly had "knowledge or information" regarding its contents as the letter was addressed to all of them and none of them disputes that he received it. Nevertheless, Haslam answered "no" to the Prior Knowledge question on the 2015 Application when he submitted it in December 2015.

There is also no dispute of material fact that the Underlying Action arises from or relates to Buczkowski's November 2015 letter. On May 27, 2016, about six months after sending the letter, Buczkowski sued MM LLC, MM Corp., and the Member Plaintiffs, seeking a declaration that he remains a 13% shareholder in MM Corp. and bringing several counts, both directly and derivatively, including breach of fiduciary duty and tortious interference with economic relations—assertions Buczkowski made in his November 11, 2015 letter. The Underlying Action, therefore, is "based on, arising from, or in any way relating to . . . [a] matter of which there was knowledge or information." Consequently, the Prior Knowledge Exclusion bars coverage of the insurance claim related to the Underlying Action.

In sum, because the Court concludes that the Prior Knowledge Exclusion precludes coverage of the Underlying Action, the Court will (1) deny Plaintiffs' Motion for Partial Summary Judgment[16] and (2) grant Twin City's Motion for Summary

---

[16] Because the Policy does not obligate Twin City to defend Plaintiffs in the Underlying Action, Plaintiffs are not entitled to a judgment that Twin City breached the

Judgment to the extent that Twin City moves for a declaration that they are not obligated to defend Defendants in the Underlying Action. The Court now turns to whether Twin City has a duty to indemnify Plaintiffs.

### 2. Duty to Indemnify

Twin City contends that if the Court concludes that it has no duty to defend Plaintiffs in the Underlying Action, then it should grant Twin City's Cross-Motion on the indemnification issue as well. The Court agrees.

"Under Maryland law, an insurer's duty to defend is a 'contractual duty arising out of the terms of a liability insurance policy' and is 'broader than the duty to indemnify.'" Nautilus Ins. Co. v. REMAC Am., Inc., 956 F.Supp.2d 674, 680 (D.Md. 2013) (quoting Litz v. State Farm Fire & Cas. Co., 695 A.2d 566, 569 (Md. 1997)). If the questions of policy coverage are "independent and separable" from the claims asserted the underlying lawsuit, a declaratory judgment on the duty to indemnify may be appropriate. Chantel, 656 A.2d at 787 (quoting Brohawn, 347 A.2d at 849); see Pa. Nat'l Mut. Cas. Ins. Co. v. All. Roofing & Sheet Metal, Inc., No. WDQ-12-1427, 2013 WL 1120587, at *6 (D.Md. Mar. 14, 2013) ("A declaration on indemnification is inappropriate when related to issues to be litigated."). But "[i]f the issue upon which coverage is denied were not the ultimate issue to be determined in a pending suit by a third party, a declaratory judgment would be appropriate." Brohawn, 347 A.2d at 849.

---

2016 Policy by failing to provide a defense. See Taylor v. NationsBank, N.A., 776 A.2d 645, 651 (Md. 2001) ("To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation.").

Here, because Twin City has no duty to defend based on the Prior Knowledge Exclusion, and not on claims asserted in the Underlying Action, the Court concludes that Twin City has no duty to indemnify Plaintiffs for any amount for which they are held liable in the Underlying Action. Nautilus, 956 F.Supp.2d at 681–82; Chantel, 656 A.2d at 787. Accordingly, the Court will grant Twin City's Cross-Motion for Summary Judgment to the extent that Twin City moves for a declaration that it is not obligated to indemnify Plaintiffs in the Underlying Action.[17]

### III.   CONCLUSION

Based on the foregoing reasons, the Court will deny as moot Buczkowski's Motion to Dismiss Complaint or, in the Alternative, to Stay this Action (ECF No. 7) and Motion to Dismiss Twin City's Counterclaim or, in the Alternative, to Stay this Action (ECF No. 26). The Court will deny Plaintiffs' Motion to Dismiss Defendant Twin City Fire Insurance Co.'s Counterclaim (ECF No. 22) and Motion for Partial Summary Judgment (ECF No. 30). The Court will also grant in part and deny as moot in part Twin City's Cross-Motion for Summary Judgment (ECF No. 34). The Court will deny as moot Twin City's Motion on Count I of its Counterclaim and Motion on Count II of its Counterclaim to the extent that it seeks a declaration that it has no duty to defend or indemnify Plaintiffs in the Underlying Action under the 2015 Policy. The Court will

---

[17] Because the Court will grant Twin City's Cross Motion on Count II to the extent that it seeks a declaration that it has no duty to defend or indemnify Plaintiffs in the Underlying Action under the 2016 Policy, the Court will deny as moot Twin City's Motion on Count II seeking a declaration that no coverage is available under the 2015 Policy.

grant Twin City's Motion on Count II to the extent it seeks a declaration that coverage is

precluded under the 2016 Policy.  A separate Order follows.

Entered this 30th day of March, 2018.

/s/
_____
George L. Russell, III
United States District Judge