# EXHIBIT 31

EXHIBIT 8
Buczkowski
8-22-19

**Baxter, Baker, Sidle, Conn & Jones, P.A.**
Attorneys at Law
120 E. Baltimore Street, Suite 2100
Baltimore, Maryland 21202-1643

Daryl J. Sidle
Direct Line (410) 385-8077
e-mail: djs@bbsclaw.com

Telephone (410) 230-3800
Facsimile (410) 230-3801

May 11, 2016

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Robert J. Buczkowski
804 Winchester Drive
Westminster, Maryland 21157-5735

Re: Letter dated May 10, 2016

Dear Mr. Buczkowski:

I am writing in response to the captioned letter you addressed to Mr. Haslam and Madison Mechanical OS Corp.

Your request to inspect the books and records of Madison Mechanical OS Corp. (the "Corporation") is denied. Under Maryland law, only current stockholders of a corporation have inspection rights. It is the position of the Corporation that you are no longer a stockholder of the Corporation.

As you are well aware, your employment with the Corporation terminated on November 24, 2015. Pursuant to the terms of the Corporation's Stockholders Agreement of which you are a party (the "Agreement"), upon the termination of your employment you were obligated to sell your stock pursuant to the Agreement.

By letter dated January 14, 2016, a copy of which is enclosed, I notified your counsel, Mr. Scarlett, of your obligation to sell your stock and explained that pursuant to the terms of the Agreement the purchase price for the stock was $0. I requested at that point that Mr. Scarlett secure your endorsement of your stock certificate and forward it to me to consummate the stock purchase. <u>Your failure to cooperate with that request in no way changes the fact that you have ceased to be a stockholder in the Corporation.</u> As a result, you have no statutory inspection rights.

Your allegations of diversion of corporate opportunities are also unfounded. Regardless of when Madison Mechanical Contracting, LLC (the "LLC") was formed, no business was done by that entity until after the dissolution of the Corporation's wholly-owned operating subsidiary

HART00000211

Robert J. Buczkowski
May 11, 2016
Page 2

(the "Subsidiary"). Again, contrary to your allegations, the Subsidiary was dissolved because it was no longer expedient to conduct business within it. Once that entity was dissolved, there were no business opportunities to divert.

As a wholly-owned subsidiary of the Corporation, it is the stockholder of the subsidiary and the subsidiary's Board of Directors that determine whether it will continue to conduct business in the ordinary course or dissolve. This does not require the approval of the Corporation's shareholders, nor does it require them to be informed of that fact. In fact, all of your allegations concerning the terms and conditions of the Subsidiary's dissolution are misplaced. Since you were not a stockholder of the Corporation when those actions occurred, you have no standing to complain about them.

Again, contrary to the statements contained in your letter, your employment was not "purported" to be terminated. It was in fact terminated. Whether your employment was terminated with or without cause is irrelevant. You were an at-will employee whose employment could be terminated at any time for any reason, or for no reason.

Your request to inspect books and records of the subsidiary has no basis in Maryland corporate law, since you were never a shareholder of the Subsidiary.

Your demand that the Board of the Corporation institute legal action against Messrs. Haslam, Garafolo, Lombardo, Kraemer, Arnold and the LLC has been considered by the Corporation's Board and rejected as baseless. The Board also believes that there is no rightful basis on which you may bring a derivative action, since you are no longer a shareholder of the Corporation. Under Maryland law, it is clear that to bring a derivative action on behalf of the Corporation you must hold stock in the Corporation "continuously from the time of the wrong through the end of the litigation" (James J. Hank, Jr. Maryland Corporation Law §7.21).

I am sending this letter to you since it was you, and not your counsel, Mr. Scarlett, who signed the letter to which I respond. Mr. Scarlett will receive a copy of this letter and may inform me if all future communications on this matter should be addressed to him.

Sincerely,

*[signature]*

Daryl J. Sidle

DJS:dar
Enclosure
cc:   Robert B. Scarlett, Esq. (without enclosure)