

# EXHIBIT 15

STAMP & RETURN

## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

ROBERT BUCZKOWSKI,

    804 Winchester Drive
    Westminster, MD 21157

    Plaintiff

v.

MADISON MECHANICAL
CONTRACTING, LLC,

    <u>Serve:</u>
    Richard G. Arnold
    2929 Excelsior Springs Ct.
    Ellicott City, MD 21042

and

MADISON MECHANICAL OS
CORP.,

    <u>Serve:</u>
    State Department of
    Assessments & Taxation
    301 W. Preston Street
    Baltimore, MD 21201

and

GLENN A. HASLAM,

    <u>Serve:</u>
    Glenn A. Haslam
    12154 Mt. Albert Road
    Ellicott City, MD 21042

and

Case No. _____

GARY GAROFALO,

> <u>Serve:</u>
> Gary Garofalo
> 2818 Hunt Valley Drive
> Glenwood, MD 21738

and

RICHARD LOMBARDO,

> <u>Serve:</u>
> Richard Lombardo
> 3194 Danmark Drive
> West Friendship, MD 21794

and

LAWRENCE KRAEMER,

> <u>Serve:</u>
> Lawrence Kraemer
> 2201 Warwick Way
> Marriottsville, MD 21104

and

RICHARD G. ARNOLD,

> <u>Serve:</u>
> Richard G. Arnold
> 2929 Excelsior Springs Ct.
> Ellicott City, MD 21042

> Defendants

2

## COMPLAINT

COMES NOW, the Plaintiff, Robert Buczkowski, by and through counsel, and sues the Defendants, Madison Mechanical Contracting, LLC, Madison Mechanical OS Corporation, Glenn A. Haslam, Gary Garofalo, Richard Lombardo, Lawrence Kraemer, and Richard G. Arnold, and for cause states as follows:

### The Parties and Related Entities

1.  Plaintiff Robert Buczkowski is a resident of the State of Maryland, who resides at 804 Winchester Drive, Westminster, MD 21157.

2.  Defendant Madison Mechanical Contracting, LLC is a Maryland limited liability company with its principal place of business located at 5621 Old Frederick Road, Catonsville, MD 21228.

3.  Defendant Madison Mechanical OS Corp. is a Maryland corporation with its principal place of business located at 5621 Old Frederick Road, Suite 1, Catonsville, MD 21228.

4.  Defendant Glenn Haslam is a resident of the State of Maryland, who resides at 12154 Mt. Albert Road, Ellicott City, MD 21042.

5.  Defendant Gary Garofalo is a resident of the State of Maryland, who resides at 2818 Hunt Valley Drive, Glenwood, MD 21738.

6.  Defendant Richard Lombardo is a resident of the State of Maryland, who resides at 3194 Danmark Drive, West Friendship, MD 21794.

3

7.     Defendant Lawrence Kraemer is a resident of the State of Maryland, whose place of employment is located at 2201 Warwick Way, Marriottsville, MD 21104.

8.     Defendant Richard G. Arnold is a resident of the State of Maryland, who resides at 2929 Excelsior Springs Court, Ellicott City, MD 21042.

### Jurisdiction and Venue

9.     This Court has jurisdiction over this action under Md. Code, Cts. & Jud. Proc. § 1-501.

10.     This Court has jurisdiction over the parties to this action under Md. Code, Cts. & Jud. Proc. § 6-102, as the natural persons who are parties to this action are domiciled in and/or maintain their principal places of business in Maryland, and the entity parties to this action were organized under the laws of Maryland.

11.     This Court is a proper venue for this action under Md. Code, Cts. & Jud. Proc. § 6-201, as Defendants Madison Mechanical Contracting, LLC and Madison Mechanical OS Corp. have their principal places of business in Baltimore County, Maryland. There is no single venue applicable to all Defendants. Because Baltimore County is a venue in which one of the Defendants could be sued, it is an appropriate venue under Cts. & Jud. Proc. § 6-201(b).

### Facts Common to All Counts

**A.     Formation of Madison Mechanical, Inc.**

4

12.     In the early 1990s, Defendant Glenn Haslam was a partner in an entity known as Baltimore Mechanical Services, Inc., a construction subcontractor.

13.     Baltimore Mechanical Services performed work as a subcontractor for Harkins Builders, Inc. and other general contractors. The sole shareholder of Harkins Builders was J.P. "Blasé" Cooke.

14.     In 1992, Baltimore Mechanical Services filed a petition for bankruptcy under Chapter 11 of the Bankruptcy Code.

15.     In 1993, Blasé Cooke founded Madison Mechanical, Inc. Madison Mechanical, Inc. was incorporated as a Maryland corporation on March 10, 1993. Mr. Cooke was the sole shareholder of Madison Mechanical, Inc.

16.     The initial purpose of Madison Mechanical, Inc. was to complete work that had been left incomplete by Baltimore Mechanical Services when it filed for bankruptcy. However, Madison Mechanical, Inc. began to bid for other work as well, and became profitable within several years after its founding.

17.     Mr. Haslam was the president of Madison Mechanical, Inc. Upon information and belief, Mr. Cooke and Mr. Haslam had an agreement permitting Mr. Haslam to purchase Mr. Cooke's 100% ownership interest in Madison Mechanical, Inc.

18.     Plaintiff Robert Buczkowski is a certified public accountant with extensive experience in the construction industry.

19.     In 2001 Madison Mechanical, Inc. was having operational and financial difficulties.

5

20.    In 2001, Defendant Gary Garofalo—who was then and still is employed by Harkins Builders and provided oversight of Madison Mechanical, Inc. for Mr. Cooke—retained the services of Mr. Buczkowski as a consultant to assist in updating and organizing Madison Mechanical, Inc.'s accounting records and procedures.

21.    In 2002, Madison Mechanical, Inc. offered Mr. Buczkowski a fulltime employment position.

22.    Mr. Buczkowski met with Mr. Haslam and Mr. Garofalo to negotiate the terms of his employment for Madison Mechanical, Inc. Mr. Buczkowski learned of Mr. Haslam's buyout agreement with Mr. Cooke. Mr. Buczkowski made it clear that if he accepted employment for Madison Mechanical, Inc., he expected to be part of the buyout, receiving a 20% ownership interest and 10% of profits. Mr. Haslam orally agreed to these terms. Mr. Buczkowski began his employment for Madison Mechanical, Inc. in April 2002. He held the position of Chief Financial Officer.

23.    From 2002-2007, Madison Mechanical, Inc.'s revenues and profits steadily increased. During this time period Mr. Buczkowski was involved in both the financial and operational side of the business, helping to control the growth and profitability of the corporation and manage its day–to-day operations.

**B.    Formation of Madison Mechanical OS Corp. and purchase of Madison Mechanical, Inc. stock.**

24.    In or around 2006 or 2007, as Mr. Cooke was suffering from cancer, Mr. Haslam, Mr. Garofalo, and Mr. Buczkowski had various discussions regarding the purchase of Mr. Cooke's 100% interest in Madison Mechanical, Inc.

25.    Mr. Garofalo strongly recommended that the parties allow two other individuals to buy into Madison Mechanical, Inc.: Defendant Richard Lombardo, who was the Chief Executive Officer of Harkins Builders, and Defendant Lawrence Kraemer, who was Vice President of Estimating at Harkins Builders.

26.    Mr. Cooke died on October 2, 2007.

27.    On or about December 13, 2007, Mr. Haslam, Mr. Garofalo, Mr. Buczkowski, Mr. Lombardo, and Mr. Kraemer formed a new entity called Madison Mechanical OS Corp.

28.    The purpose of Madison Mechanical OS Corp. was to purchase all of the stock of Madison Mechanical, Inc. and to operate Madison Mechanical, Inc. as a wholly-owned subsidiary of Madison Mechanical OS Corp.

29.    On or about December 31, 2007, the above parties entered into a Stockholders Agreement with Madison Mechanical OS Corp.

30.    The Stockholders Agreement provided that the corporation had been formed "for the purpose of acquiring all of the issued and outstanding capital stock of and operating Madison Mechanical, Inc." (Stockholders Ag. at 1.)

31.    The Stockholders Agreement further provided that "the Corporation has acquired all of the issued and outstanding Common Stock of Madison Mechanical, Inc. ('MMI Stock') from Dawn Cooke (the 'Transferor') in exchange for a Promissory Note from the Corporation secured by a pledge of the MMI Stock and joint and several guaranties from the Stockholders hereunder." (Stockholders Ag. at 1.)

7

32.     Thus, as of December 31, 2007, Madison Mechanical OS Corp. was the sole shareholder of Madison Mechanical, Inc.; Madison Mechanical, Inc. was a wholly-owned subsidiary of Madison Mechanical OS Corp.

33.     The shareholders of Madison Mechanical OS Corp. were, and still are, Mr. Haslam, Mr. Garofalo, Mr. Buczkowski, Mr. Lombardo, and Mr. Kraemer.

34.     Upon information and belief, Mr. Haslam is the sole Director of Madison Mechanical OS Corp.

35.     Upon information and belief, Madison Mechanical OS Corp. agreed to purchase the shares of Madison Mechanical, Inc. from the Cooke Estate for a purchase price of $3.8 million, with $1 million paid prior to closing via an owner distribution and a Promissory Note for the balance of $2.8 million, which was to be paid from Madison Mechanical, Inc. profits.

36.     Upon information and belief, the shares of Madison Mechanical OS Corp. were owned as follows:

| | |
|---|---|
| Glenn Haslam: | 54% |
| Gary Garofalo: | 13% |
| Robert Buczkowski: | 13% |
| Richard Lombardo: | 10% |
| Lawrence Kraemer: | 10% |

37.     Having been involved with Madison Mechanical, Inc. for many years, Mr. Haslam, Mr. Garofalo, and Mr. Buczkowski all had substantial "sweat equity" in the corporation. Mr. Lombardo and Mr. Kraemer had no prior involvement with Madison Mechanical, Inc. It was agreed that Mr. Haslam, Mr. Garofalo, and Mr.

Buczkowski would be entitled to a "preferential distribution/note" in the amount of $760,000—20% of the $3.8 million purchase price—in order to purchase their shares. Mr. Garofalo was tasked with memorializing this transaction in a written document signed by all parties, but he failed to do so. There was never a "preferential "distribution made, so effectively Mr. Lombardo and Mr. Kraemer each acquired a 10% ownership interest in Madison Mechanical OS Corp. for no consideration. Upon the purchase of Mr. Cooke's shares, Mr. Buczkowski's receipt of profits was increased to 5%. There was an oral agreement between Mr. Buczkowski and Mr. Haslam that Mr. Buczkowski's profit share would be gradually increased to 10%, as originally discussed in his employment negotiations. However, this did not occur.

**C.   Madison Mechanical OS Corp. Stockholders Agreement regarding transfer of shares.**

38.   As explained above, upon the formation of Madison Mechanical OS Corp., Mr. Buczkowski became a 13% shareholder of the corporation.

39.   Under the Madison Mechanical OS Corp. Stockholders Agreement, the stockholders' stock could be transferred only in the following circumstances: (a) sale, gift, or bequest to a shareholder's direct family member, (b) disability of a shareholder, (c) insolvency of a shareholder, (d) failure by a shareholder to contribute upon a default of the corporation's obligations to a transferor of shares, (e) desire by the shareholder to transfer his stock, (f) death, or (g) termination for cause.

40.   The Stockholders Agreement defines "termination for cause" as "termination for persistent non-performance of the Stockholder's duties as an

employee or officer of the Corporation and its affiliates or for criminal conduct involving a crime of moral turpitude, gross negligence, willful misconduct or a breach of the Stockholder's fiduciary duty to the Corporation and its affiliates as an employee, director, or officer." (Stockholders Ag. § 4(a)(3).)

41.     The Stockholders Agreement provides: "In the event of a breach or default by any party to his Agreement, the non-defaulting parties shall be entitled to reasonable attorney's fees, costs and expenses against the defaulting party or parties in enforcing, prosecuting or defending any dispute or litigation under this Agreement." (Stockholders Ag. § 17.)

**D.     Financial difficulties of Madison Mechanical, Inc.**

42.     As described above, Madison Mechanical OS Corp. was formed in 2007 and became the sole shareholder of Madison Mechanical, Inc. Madison Mechanical OS Corp. continued to operate Madison Mechanical, Inc. as it had operated previously.

43.     From 2007-2012, Madison Mechanical, Inc. continued to be profitable. As of December 31, 2012, the five shareholders of Madison Mechanical OS Corp. had equity in the corporation of $7,165,066. That same year, Madison Mechanical OS Corp. made its last payment to the Cooke Estate for Mr. Cooke's shares, and thereby owned Madison Mechanical, Inc. free and clear.

44.     In 2011 and 2012, at the urging of Mr. Haslam and over the objections of Mr. Buczkowski and other employees, Madison Mechanical, Inc. took on six large construction projects simultaneously. Five of the projects were subcontracts under

10

Clark Construction Group, LLC: City Center (a $17.5 million project), City Market (a $16.3 million project), Wardman (a $10 million project), Lot31/31A (a $4.6 million project), and 14W (a $7.4 million project) located in Washington, D.C. and Maryland. A sixth project was a subcontract under The Whiting Turner Contracting Company for a project known as Mid-Pike Block 10 (a $10 million project) located in Montgomery County, Maryland.

45.    Mr. Haslam would not allow the hiring of the appropriate amount of additional staff needed to run these jobs simultaneously.

46.    Under the oversight of Mr. Haslam, the above-referenced projects were incorrectly bid, insufficiently staffed, and mismanaged.

47.    As a result, Madison Mechanical, Inc. incurred severe financial difficulties in 2013-2015.

48.    In 2013, Clark Construction expressed an intention to "call" Madison Mechanical, Inc.'s bonds. Although this would have been problematic, the Madison Mechanical OS Corp. shareholders were not personally liable on the bonds.

49.    In June-July 2013, Madison Mechanical, Inc. incurred significant cash-flow difficulties on the Clark projects. As a result, Madison Mechanical, Inc.'s $1.5 million line of credit with BB&T Bank was exhausted. Mr. Buczkowski successfully negotiated with the Bank to convert the existing $1.5 million line of credit to a term note and was able to obtain an additional $2 million line of credit, both with extended payment terms favorable to Madison Mechanical.

11

50.     By December 2013, due to continued cash-flow problems on the Clark projects, Madison Mechanical exhausted the new $2 million line of credit.

51.     Under the $1.5 million note, payments of $375,000 were due in December 2013 and March 2014. Due to continuing financial difficulties in the Clark projects, Madison Mechanical had no funds available for these payments when they came due. In December 2013, Mr. Buczkowski was able to negotiate with the Bank for a waiver of the December 2013 payment and a three-month extension of the note.

52.     When the $375,000 payment was due in March 2014, Madison Mechanical, Inc. was still unable to make the payment. Mr. Buczkowski continued to communicate with the Bank and was able to maintain the status quo of the situation, without the Bank declaring a default, through June 2014.

53.     In June 2014, due to Madison Mechanical, Inc.'s continued inability to make payments on the notes, the local BB&T branch with whom Madison Mechanical, Inc. was working turned the loans over to BB&T's "troubled asset" division.

54.     Mr. Buczkowski once again proposed to Mr. Haslam and Mr. Garofalo that Madison Mechanical, Inc. consider filing for bankruptcy to protect the equity in the corporation. He also proposed that the corporation make a nominal payment to BB&T and continue to negotiate with the Bank in order to preserve much-needed cash flow.

55.     Mr. Haslam and Mr. Garofalo once again declined to even discuss the possibility of filing for bankruptcy. They stated that they would not consider these

options because it would put them in a bad light and could harm their reputations in the business community. This was particularly a concern of Mr. Lombardo, Mr. Kraemer, and Mr. Garofalo, who were officers of Harkins Builders. Harkins Builders used the same bonding company as Madison Mechanical, Inc. and Mr. Lombardo, Mr. Kraemer, and Mr. Garofalo were concerned about the implications with the bonding company if Madison were to file for bankruptcy protection.

56.    Mr. Haslam and Mr. Garofalo decided to become directly involved in the discussions with BB&T.

57.    Mr. Haslam and Mr. Garofalo decided not to include Madison Mechanical, Inc.'s legal counsel in their discussions with BB&T or the decision-making process as strongly recommended by Mr. Buczkowski. Over the objections of Mr. Buczkowski, Mr. Haslam and Mr. Garofalo decided to use Madison Mechanical, Inc.'s little available cash to pay the notes and related fees, without any further discussion or negotiation with the bank, which was to the immediate detriment of Madison Mechanical, Inc.'s day-to-day operations and ability to pay vendors.

58.    During this time period, Mr. Haslam suffered serious mental and emotional distress.

59.    As noted above, Mr. Buczkowski's role with Madison Mechanical OS Corp. and Madison Mechanical, Inc. was as Chief Financial Officer. However, because of his extensive experience in the construction industry, he often spent much of his time at jobsites serving as a de facto Project Manager.

13

60.    Given the poor planning and mismanagement involved in the Clark Construction projects, Mr. Buczkowski began to spend most of his time on a daily basis on jobsites attempting to resolve numerous problems and placate the General Contractor and Owners. At the same time, Mr. Haslam retained final say on virtually all major business decisions, and often vetoed Mr. Buczkowski's proposed solutions, such as hiring additional personnel to help manage the troubled projects.

61.    As Madison Mechanical, Inc.'s and Madison Mechanical OS Corp.'s financial situation deteriorated, Mr. Buczkowski urged the other shareholders to consider all options to protect the equity in the corporation, including bankruptcy if necessary. The other shareholders resisted. As noted above, Mr. Lombardo, Mr. Garofalo, and Mr. Kraemer—who retained their positions as officers of Harkins Builders—were concerned about their personal and professional reputations in the industry and did not want others outside of Madison Mechanical OS Corp. to even know they were involved with Madison.

62.    In June 2014, Madison Mechanical, Inc. sought to obtain two bonds totaling $1.5 million. Mr. Haslam and Mr. Garofalo led the negotiations of the bonds while Mr. Buczkowski was consumed with the day-to-day management of the Clark Construction projects and juggling vendor issues and relations due to the day-to-day cash-flow issues.

63.    Mr. Haslam and/or Mr. Garofalo informed Mr. Buczkowski that they had secured the $1.5 million bonds, but the shareholders would have to sign personal

14

guarantees. Mr. Haslam and/or Mr. Garofalo assured Mr. Buczkowski that the guarantees applied only to the $1.5 million bonds. In reliance on this assurance, Mr. Buczkowski signed the guarantees. Mr. Buczkowski later learned that guarantees actually applied to the prior bonds as well, which totaled over $35 million. In addition to misleading Mr. Buczkowski into guaranteeing the prior bonds, Mr. Haslam and Mr. Garofalo failed to even negotiate better terms for the bonds before causing all the shareholders to retroactively guarantee them.

64.    Madison Mechanical, Inc.'s and Madison Mechanical OS Corp.'s financial situation continued to deteriorate. In 2014, the shareholders made loans and capital contributions to the corporations totaling more than $3 million in an effort to keep the corporations financially viable.

65.    Madison Mechanical, Inc. sustained losses of $12-15 million on the Clark Construction projects, which completely negated the shareholders' previous retained earnings, profitable job earnings, and the more than $3 million in loans and capital contributions.

66.    Mr. Buczkowski repeatedly informed the other shareholders that it was his position that they should all be focused on doing what is best for the long-term health of Madison Mechanical, Inc. and Madison Mechanical OS Corp., rather than what is best for each of them individually and their own personal reputations.

**E.     Formation of Madison Mechanical Contracting, LLC.**

15

67.     Throughout 2013-2015, Madison Mechanical OS Corp. had ongoing discussions with Defendant Richard Arnold regarding Mr. Arnold's buying into the corporation or joining the shareholders in forming a new entity. Mr. Haslam and Mr. Garofalo were directly engaged in these discussions and kept Mr. Buczkowski informed of the various proposed terms. The proposals that were relayed to Mr. Buczkowski all entailed either Mr. Arnold buying shares of Madison Mechanical OS Corp. or forming a new entity with the shareholders, to include Mr. Buczkowski.

68.     In late 2014 and early 2015, Mr. Haslam and Mr. Garofalo updated Mr. Buczkowski less frequently. When Mr. Buczkowski inquired, Mr. Haslam stated that it appeared there would not be a deal involving Mr. Arnold.

69.     In the summer of 2015, Mr. Haslam told Mr. Buczkowski that Mr. Lombardo was unhappy with Mr. Buczkowski's position that all the shareholders should be more concerned with the financial health of Madison Mechanical, Inc. and Madison Mechanical OS Corp. than with their own personal reputations. According to Mr. Haslam, Mr. Lombardo—who was apparently more concerned about his own reputation than about the well-being of the Madison entities—took offense at Mr. Buczkowski's position.

70.     Sometime in 2015, Mr. Haslam and Mr. Garofalo stopped informing Mr. Buczkowski of their ongoing negotiations with Mr. Arnold.

71.     Unbeknownst to Mr. Buczkowski, on or about August 20, 2015, the other

shareholders of Madison Mechanical OS Corp., along with Richard Arnold, formed a

new entity called Madison Mechanical Contracting, LLC.

72.     Madison Mechanical Contracting, LLC consists of the following

members:

| | |
|---|---|
| Richard Arnold: | 34% |
| Glenn Haslam: | 34% |
| Gary Garofalo: | 12% |
| Richard Lombardo: | 10% |
| Lawrence Kraemer: | 10% |

73.     The members of Madison Mechanical Contracting, LLC entered into an

Operating Agreement on or about October 15, 2015.

74.     Upon information and belief, the purpose of this new company was to

take business and corporate opportunities from Madison Mechanical, Inc. and

Madison Mechanical OS Corp. for the benefit of Madison Mechanical Contracting,

LLC and its members.

75.     In October 2015, Mr. Haslam and Mr. Garofalo informed Mr.

Buczkowski that they intended to "part ways" with him. They indicated that they no

longer wanted him as a business partner, but offered to hire him as an outside

consultant. They did not tell him about Madison Mechanical Contracting, LLC or their

intent to take business and corporate opportunities from Madison Mechanical, Inc.

76.     Mr. Buczkowski continued to work on behalf of Madison Mechanical, Inc.

and Madison Mechanical OS Corp., as he had before.

77.     Mr. Buczkowski first learned of the existence of Madison Mechanical Contracting, LLC in November 2015. He also uncovered evidence that Madison Mechanical Contracting, LLC was diverting business and corporate opportunities from Madison Mechanical, Inc.

78.     On November 11, 2015, Mr. Buczkowski, through counsel, informed Mr. Haslam, Mr. Garofalo, Mr. Lombardo, Mr. Kraemer, and Mr. Arnold that their diversion of business and corporate opportunities from Madison Mechanical, Inc. to Madison Mechanical Contracting, LLC was unlawful, and demanded that they cease and desist doing so.

## F.     Termination of Mr. Buczkowski.

79.     On November 6, 2015, Mr. Buczkowski informed several Madison Mechanical, Inc. employees that the corporation had not received certified payrolls from certain sub-subcontractors on a project for which Madison Mechanical, Inc. was a subcontractor for Plano-Coudon, LLC, the general contractor. It was required by law that the sub-subcontractors provide certified payrolls to Madison Mechanical, Inc. Mr. Buczkowski was informed by the accounting manager that Mr. Haslam had told him and other employees not to worry about getting the certified payrolls from the subcontractors on this job.

80.     On November 16, 2015, Mr. Buczkowski informed Mr. Garofalo, Mr. Lombardo, and Mr. Kraemer of the issue with the lack of certified payrolls and requested guidance on how to approach this matter with Plano-Coudon. Mr. Buczkowski initially received no response. Mr. Kraemer eventually responded, stating that he was not aware of the issue. Mr. Garofalo and Mr. Lombardo never responded.

81.     On or about November 18, 2015, Mr. Haslam gave Mr. Buczkowski a letter on Madison Mechanical, Inc. letterhead, and signed by Mr. Haslam in his capacity as president of Madison Mechanical, Inc. The letter stated that Mr. Buczkowski was terminated "for cause, effective immediately."

82.     The letter stated, "[f]or the reasons that have been discussed with you on numerous occasions, you were previously advised that your employment with Madison Mechanical, Inc. (the Company) was being terminated for cause." In fact, Mr. Buczkowski had never previously been informed that he would be terminated, with our without cause

83.     When Mr. Haslam gave the letter to Mr. Buczkowski on November 18, 2015, Mr. Buczkowski read it in the presence of Mr. Haslam and Brant Geiman, the Accounting Manager for Madison Mechanical, Inc.  Mr. Buczkowsk asked Mr. Haslam what the "cause" was for his termination, as no one at Madison Mechanical had ever accused Mr. Buczkowski of any actions that would constitute cause for termination. Mr. Haslam responded there was no cause for Mr. Buczkowski's termination, and that "the lawyer just put that language in there," or words to that effect.

19

84.     Mr. Haslam further stated to Mr. Buczkowski that he had no problems with anything Mr. Buczkowski had done, and that he appreciated all he had done for Madison Mechanical, Inc. over the years. Mr. Haslam indicated that it was the other shareholders who wanted to terminate Mr. Buczkowski. Mr. Haslam stated that the other shareholders—particularly Mr. Lombardo—disagreed with Mr. Buczkowski's position that they should put the financial health of Madison Mechanical, Inc. and Madison Mechanical OS Corp. ahead of their own personal reputations. Mr. Haslam further stated that the other shareholders of Madison Mechanical OS Corp. had decided they did not want Mr. Buczkowski to be a part of their new business venture.

85.     The effort to terminate Mr. Buczkowski "for cause" was an attempt to force a transfer of his stock in Madison Mechanical OS Corp.

86.     However, the letter of termination came not from Madison Mechanical OS Corp., the parent corporation, but from Madison Mechanical, Inc., the subsidiary. Therefore, it could not possibly have been a termination (with or without cause) by Madison Mechanical OS Corp.

87.     Furthermore, there was no cause for Mr. Buczkowski's termination. He had not engaged in persistent non-performance of his duties as an employee or officer of Madison Mechanical OS, nor had he engaged in criminal conduct involving a crime of moral turpitude, gross negligence, willful misconduct, or a breach of his fiduciary duties to the corporation. As Mr. Haslam admitted to Mr. Buczkowski, there was no cause for the termination.

20

88.     Nevertheless, on or about January 14, 2016, Madison Mechanical OS Corp., through counsel, informed Mr. Buczkowski's counsel that (a) Mr. Buczkowski's employment with Madison Mechanical OS Corp. had allegedly been terminated on November 24, 2015, (b) Mr. Buczkowski was obligated to sell his shares in Madison Mechanical OS Corp. based on the book value of Madison Mechanical OS Corp. in 2014, (c) the book value of Madison Mechanical OS Corp. in 2014 was negative, and (d) the purchase price for Mr. Buczkowski's stock in Madison Mechanical OS Corp. was $0.

89.     In the January 14, 2016 letter, Madison Mechanical OS demanded that Mr. Buczkowski "endorse his stock certificate in blank and forward it to [Madison Mechanical OS Corp.'s counsel] to consummate the stock purchase." Mr. Buczkowski, rightfully, has not done so.

90.     Mr. Buczkowski has not endorsed his stock certificate to Madison Mechanical OS Corp. or to anyone else. He remains a stockholder of the corporation.

**G.     Dissolution of Madison Mechanical, Inc.**

91.     On December 21, 2015, Defendants dissolved Madison Mechanical, Inc.

92.     Mr. Haslam signed Articles of Dissolution of the corporation under penalties of perjury, which were filed with the Department of Assessments and Taxation on December 21, 2015.

93.     Upon information and belief, Mr. Haslam did not give notice to or hold a meeting of the stockholders of Madison Mechanical OS Corp. before he unilaterally dissolved its subsidiary, Madison Mechanical, Inc.

94.     Under Md. Code, Corps. & Assocs. § 3-404, "[n]ot less than 20 days prior to the filing of articles of dissolution with the Department, the corporation shall mail notice that dissolution of the corporation has been approved to all its known creditors at their addresses as shown on the records of the corporation and to its employees, either at their home addresses as shown on the records of the corporation, or at their business addresses."

95.     In the Articles of Dissolution that Mr. Haslam signed, he stated that "[n]otice of the approved dissolution was mailed to all known creditors of the Corporation on December 21, 2015."

96.     Mr. Haslam's statement in the Articles of Dissolution that notice was sent to all known creditors was false. Notice of the dissolution of Madison Mechanical, Inc. was not sent to all of the corporation's creditors.

97.     Mr. Buczkowski is a creditor of Madison Mechanical, Inc. pursuant to a Promissory Note in the amount of $150,000 that was signed by Mr. Haslam on behalf the corporation in favor of Mr. Buczkowski on or about October 17, 2014, little more than a year before the dissolution.

98.     Despite the fact that Mr. Buczkowski was a creditor of Madison Mechanical, Inc.—and despite Mr. Haslam's statement under oath that notice was

22

sent to all known creditors of the corporation—notice of the dissolution of Madison Mechanical, Inc. was not sent to Mr. Buczkowski.

99.   Mr. Buczkowski learned of the dissolution of Madison Mechanical, Inc. by reviewing the corporate status of the various Madison entities after his termination.

100.   The dissolution of Madison Mechanical, Inc. was an act of default under the above-referenced Promissory Note.

101.   Mr. Buczkowski brought an action against Madison Mechanical, Inc. on the Note. On March 3, 2016, the Circuit Court for Howard County entered a judgment by confession in favor of Mr. Buczkowski and against Madison Mechanical, Inc. in the amount of $204,297.94. As such, Mr. Buczkowski remains a creditor of Madison Mechanical, Inc.

102.   Upon information and belief, Madison Mechanical, Inc. also failed to send notice of its dissolution to other creditors in addition to Mr. Buczkowski.

103.   Even if Mr. Haslam's statement that notice was sent to all creditors was accurate (which, as explained above, it was not), his filing of the Articles of Dissolution was premature. Corps. & Assocs. § 3-407(a)(1) states that a "corporation shall file articles of dissolution for record with the Department . . . If there are any known creditors of the corporation, after the 19th day following the mailing of notice to them." Mr. Haslam stated that notice was mailed to creditors on December 21, 2015,

the same day as the filing of the Articles of Dissolution. The Articles of Dissolution

was therefore filed prematurely.

**F.    Diversion of corporate opportunities from Madison Mechanical, Inc.
and Madison Mechanical OS Corp. to Madison Mechanical
Contracting, LLC.**

104.    Upon information and belief—at or around the time of the formation of

Madison Mechanical Contracting, LLC, termination of Mr. Buczkowski, and

dissolution of Madison Mechanical, Inc.—Madison Mechanical Contracting, LLC took

over ongoing projects that were previously being performed by Madison Mechanical,

Inc. as well as several contracts that had been negotiated under Madison Mechanical,

Inc.'s name and began performing the projects for the benefit of Madison Mechanical

Contracting, LLC.

105.    Effective January 1, 2016, all Madison Mechanical, Inc. employees

became employed by Madison Mechanical Contracting, LLC.

106.    Madison Mechanical, Inc. corporate records show that as of September

30, 2015, Madison Mechanical, Inc. had subcontracts and/or commitments for the

following projects: Ashby Ponds 2.4; Ashby Ponds Reconfiguration; Brentwood; Pier

Hotel II; Perryhall BV; and Havre de Grace Readiness.

107.    Madison Mechanical Contracting, LLC records show that as of February

1, 2016, Madison Mechanical Contracting, LLC was performing these same

subcontracts.

24

108.   Madison Mechanical Contracting, LLC effectively misappropriated the name, goodwill, records, trade secrets, assets, and accounts receivables of Madison Mechanical, Inc. for no consideration.

109.   Because Madison Mechanical, Inc. was a wholly-owned subsidiary of Madison Mechanical OS Corp., the misappropriation of Madison Mechanical, Inc. by Madison Mechanical Contracting, LLC was to the detriment of Madison Mechanical OS Corp. and its shareholders and to the benefit of Madison Mechanical Contracting, LLC and its members.

110.   In addition to misappropriating current, ongoing projects and accounts receivable to benefit their new company, Madison Mechanical Contracting, LLC, Mr. Garofalo, Mr. Haslam, Mr. Kraemer, and Mr. Lombardo have diverted corporate opportunities from Madison Mechanical OS Corp. to Madison Mechanical Contracting, LLC.

111.   Upon information and belief, Madison Mechanical Contracting, LLC is performing services on numerous projects that were previously Madison Mechanical, Inc. subcontracts.

112.   Upon information and belief, all of these projects are the types of projects that could have—and, absent the interference of Madison Mechanical Contracting, LLC—would have been performed by Madison Mechanical OS Corp. through its wholly-owned subsidiary, Madison Mechanical, Inc.

113.   Defendants have persisted in their unlawful diversion of business and income from Madison Mechanical, Inc. to Madison Mechanical Contracting, LLC.

114.   Defendants simply took over and misappropriated the name, goodwill, trade secrets, assets, and accounts receivable of Madison Mechanical, Inc.—a wholly-owned subsidiary of Madison Mechanical OS Corp.—with no consideration to Madison Mechanical OS Corp. and in direct competition with Madison Mechanical OS Corp.

115.   Defendants continue to use the Madison Mechanical, Inc. name, goodwill, trade secrets, assets, and accounts receivable, but for their own benefit and with no benefit to Madison Mechanical, Inc. or its parent, Madison Mechanical OS Corp.

## Count 1 – Declaratory Judgment

### (Against Madison Mechanical OS Corp., Glenn A. Haslam, Gary Garofalo, Richard Lombardo, and Lawrence Kraemer)

116.   The Plaintiff incorporates by reference the substance of all the foregoing factual allegations.

117.   This declaratory judgment action is brought pursuant to Md. Code, Cts. & Jud. Proc. §§ 3-406 and 3-407 for the purpose of determining questions of actual controversy between the parties and terminating uncertainty and controversy giving rise to this proceeding.

118.   Mr. Buczkowski owns 13% of the shares of Defendant Madison Mechanical OS Corp.

119.   The remaining 87% of the shares of Madison Mechanical OS Corp. are owned by Mr. Haslam, Mr. Garofalo, Mr. Lombardo, and Mr. Kraemer.

120.   On or about December 31, 2007, Mr. Buczkowski, Mr. Haslam, Mr. Garofalo, Mr. Lombardo, and Mr. Kraemer entered into a Stockholders Agreement with Madison Mechanical OS Corp.

121.   The Stockholders Agreement is a valid and binding contract.

122.   Mr. Buczkowski has not breached the Stockholders Agreement.

123.   Under the Madison Mechanical OS Corp. Stockholders Agreement, the stockholders' stock could be transferred only in the following circumstances: (a) sale, gift, or bequest to a shareholder's direct family member, (b) disability of a shareholder, (c) insolvency of a shareholder, (d) failure by a shareholder to contribute upon a default of the corporation's obligations to a transferor of shares, (e) desire by the shareholder to transfer his stock, (f) death, or (g) termination for cause.

124.   The Stockholders Agreement defines "termination for cause" as "termination for persistent non-performance of the Stockholder's duties as an employee or officer of the Corporation and its affiliates or for criminal conduct involving a crime of moral turpitude, gross negligence, willful misconduct or a breach of the Stockholder's fiduciary duty to the Corporation and its affiliates as an employee, director, or officer." (Stockholders Ag. § 4(a)(3).)

125.   On or about November 18, 2015, Mr. Haslam gave Mr. Buczkowski a letter on Madison Mechanical, Inc. letterhead, and signed by Mr. Haslam in his

capacity as president of Madison Mechanical, Inc. The letter stated that Mr. Buczkowski was terminated "for cause, effective immediately."

126.   The effort to terminate Mr. Buczkowski "for cause" was an attempt to force a transfer of his stock in Madison Mechanical OS Corp.

127.   However, the letter of termination came not from Madison Mechanical OS Corp., but from Madison Mechanical, Inc. Therefore, it could not possibly have been a termination (with or without cause) by Madison Mechanical OS Corp.

128.   Furthermore, there was no cause for Mr. Buczkowski's termination. He had not engaged in persistent non-performance of his duties as an employee or officer of Madison Mechanical OS Corp., nor had he engaged in criminal conduct involving a crime of moral turpitude, gross negligence, willful misconduct, or a breach of his fiduciary duties to the corporation. There was no cause for his purported termination.

129.   Nevertheless, on or about January 14, 2016, Madison Mechanical OS Corp., through counsel, informed Mr. Buczkowski's counsel that (a) Mr. Buczkowski's employment with Madison Mechanical OS Corp. had allegedly been terminated on November 24, 2015, (b) Mr. Buczkowski was obligated to sell his shares in Madison Mechanical OS Corp. based on the book value of Madison Mechanical OS Corp. in 2014, (c) the book value of Madison Mechanical OS Corp. in 2014 was negative, and (d) the purchase price for Mr. Buczkowski's stock in Madison Mechanical OS Corp.was $0.

130.    In the January 14, 2016 letter, Madison Mechanical OS demanded that Mr. Buczkowski "endorse his stock certificate in blank and forward it to [Madison Mechanical OS Corp.'s counsel] to consummate the stock purchase." Mr. Buczkowski, rightfully, has not done so.

131.    Mr. Buczkowski has not endorsed his stock certificate to Madison Mechanical OS Corp. or to anyone else. He remains a stockholder of the corporation.

132.    It is Mr. Buczkowski's position that he was never actually terminated by Madison Mechanical OS Corp. because the letter of termination came not from Madison Mechanical OS Corp., but from Madison Mechanical, Inc. Mr. Buczkowski therefore retains his employment and shares in Madison Mechanical OS Corp.

133.    In the alternative, even if the letter from Madison Mechanical, Inc. can be considered a termination by Madison Mechanical OS Corp., there was no cause for the termination.

134.    There therefore exists an actual controversy concerning justiciable issues between Plaintiff and Defendants within the jurisdiction of this Court, involving the issue of whether Mr. Buczkowski has been terminated by Madison Mechanical OS and, if so, whether there was cause for his termination and whether he remains an employee and/or a shareholder of Madison Mechanical OS.

135.    Antagonistic claims are present between the parties. Those claims indicate imminent and inevitable litigation.

136.    Under §§ 3-401 through 3-415 of the Courts and Judicial Proceedings Article, Plaintiff is entitled to a judgment declaring the rights and responsibilities of the Plaintiff and Defendants, and further settling the legal relations, rights, and responsibilities of the parties.

WHEREFORE, the Plaintiff demands:

a.    That the Court issue a declaratory judgment that Plaintiff remains an employee and a shareholder of Madison Mechanical OS Corp.; and

b.    That the Court issue injunctive relief ordering the Defendants to take any and all appropriate action to recognize Plaintiff's continued employment and ownership of shares in Madison Mechanical OS; and

c.    That the Court award Plaintiff his reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action pursuant to the terms of the Stockholders Agreement; and

d.    That the Court award the Plaintiff such other and further relief as in law and justice he may be entitled to receive.

## Count 2 – Breach of Contract

### (Against Madison Mechanical OS Corp., Glenn A. Haslam, Gary Garofalo, Richard Lombardo, and Lawrence Kraemer)

137.    The Plaintiff incorporates by reference the substance of all the foregoing factual allegations.

138.    Mr. Buczkowski owns 13% of the shares of Defendant Madison Mechanical OS Corp.

139.    The remaining 87% of the shares of Madison Mechanical OS Corp. are owned by Mr. Haslam, Mr. Garofalo, Mr. Lombardo, and Mr. Kraemer.

140.    On or about December 31, 2007, Mr. Buczkowski, Mr. Haslam, Mr. Garofalo, Mr. Lombardo, and Mr. Kraemer entered into a Stockholders Agreement with Madison Mechanical OS Corp.

141.    The Stockholders Agreement is a valid and binding contract.

142.    Mr. Buczkowski has not breached the Stockholders' Agreement.

143.    Under the Madison Mechanical OS Corp. Stockholders Agreement, the stockholders' stock could be transferred only in the following circumstances: (a) sale, gift, or bequest to a shareholder's direct family member, (b) disability of a shareholder, (c) insolvency of a shareholder, (d) failure by a shareholder to contribute upon a default of the corporation's obligations to a transferor of shares, (e) desire by the shareholder to transfer his stock, (f) death, or (g) termination for cause.

144.    The Stockholders Agreement defines "termination for cause" as "termination for persistent non-performance of the Stockholder's duties as an employee or officer of the Corporation and its affiliates or for criminal conduct involving a crime of moral turpitude, gross negligence, willful misconduct or a breach of the Stockholder's fiduciary duty to the Corporation and its affiliates as an employee, director, or officer." (Stockholders Ag. § 4(a)(3).)

145.    On or about November 18, 2015, Mr. Haslam gave Mr. Buczkowski a letter on Madison Mechanical, Inc. letterhead, and signed by Mr. Haslam in his

31

capacity as president of Madison Mechanical, Inc. The letter stated that Mr. Buczkowski was terminated "for cause, effective immediately."

146.   The effort to terminate Mr. Buczkowski "for cause" was an attempt to force a transfer of his stock in Madison Mechanical OS Corp.

147.   However, the letter of termination came not from Madison Mechanical OS Corp., but from Madison Mechanical, Inc. Therefore, it could not possibly have been a termination (with or without cause) by Madison Mechanical OS Corp.

148.   Furthermore, there was no cause for Mr. Buczkowski's termination. He had not engaged in persistent non-performance of his duties as an employee or officer of Madison Mechanical OS Corp., nor had he engaged in criminal conduct involving a crime of moral turpitude, gross negligence, willful misconduct, or a breach of his fiduciary duties to the corporation. There was no cause for his purported termination.

149.   Nevertheless, on or about January 14, 2016, Madison Mechanical OS Corp., through counsel, informed Mr. Buczkowski's counsel that (a) Mr. Buczkowski's employment with Madison Mechanical OS had allegedly been terminated on November 24, 2015, (b) Mr. Buczkowski was obligated to sell his shares in Madison Mechanical OS based on the book value of Madison Mechanical OS in 2014, (c) the book value of Madison Mechanical OS in 2014 was negative, and (d) the purchase price for Mr. Buczkowski's stock in Madison Mechanical OS was $0.

150.   In the January 14, 2016 letter, Madison Mechanical OS Corp. demanded that Mr. Buczkowski "endorse his stock certificate in blank and forward it to [Madison

Mechanical OS Corp.'s counsel] to consummate the stock purchase." Mr. Buczkowski, rightfully, has not done so.

151.    Defendant's efforts to terminate Mr. Buczkowski without cause and obtain his shares in Madison Mechanical OS Corp. for no consideration constitute a breach of the Stockholders Agreement.

152.    As a result of this breach, Mr. Buczkowski has suffered monetary damages and non-monetary harm.

WHEREFORE, the Plaintiff demands:

a.    That the Court enter judgment in favor of Plaintiff and against Defendants, and award damages to Plaintiff in an amount exceeding $75,000;

b.    That the Court issue a declaratory judgment that Plaintiff remains an employee and a shareholder of Madison Mechanical OS Corp.; and

c.    That the Court issue injunctive relief ordering the Defendants to take any and all appropriate action to recognize Plaintiff's continued employment and ownership of shares in Madison Mechanical OS Corp.; and

d.    That the Court award Plaintiff his reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action pursuant to the terms of the Stockholders Agreement; and

e.    That the Court award the Plaintiff such other and further relief as in law and justice he may be entitled to receive.

<u>**Count 3 – Oppression of Minority Shareholder**</u>

**(Against Glenn A. Haslam, Gary Garofalo, Richard Lombardo, and
Lawrence Kraemer)**

153.   The Plaintiff incorporates by reference the substance of all the foregoing
factual allegations.

154.   At all times relevant to this case, Mr. Buczkowski was, and remains, a
13% shareholder of Madison Mechanical OS Corp., a Maryland corporation.

155.   Defendants Glenn Haslam (54%), Gary Garofalo (13%), Lawrence
Kraemer (10%), and Richard Lombardo (10%) are the other shareholders of Madison
Mechanical OS Corp.

156.   As a majority shareholder, Mr. Haslam owes a fiduciary duty to Mr.
Buczkowski to not exercise his control to the disadvantage of Mr. Buczkowski. Mr.
Haslam owes a fiduciary duty to Mr. Buczkowski to not use his voting power for his
own benefit or for a purpose adverse to the interests of the corporation and its
stockholders.

157.   As a majority of the shareholders, Mr. Haslam, Mr. Garofalo, Mr.
Kraemer, and Mr. Lombardo owe a fiduciary duty to Mr. Buczkowski to not exercise
their control to the disadvantage of Mr. Buczkowski. The majority shareholders owe a
fiduciary duty to Mr. Buczkowski to not use their voting power for their own benefit
or for a purpose adverse to the interests of the corporation and its stockholders.

158.   Mr. Haslam, Mr. Garofalo, Mr. Lombardo, and Mr. Kraemer breached
the above duties when they (a) formed a new entity, Madison Mechanical
Contracting, LLC, to compete directly with Madison Mechanical OS Corp. and its

34

subsidiary, Madison Mechanical, Inc.; (b) concealed their plan and actions from Mr. Buczkowski; (c) purported to terminate Mr. Buczkowski's employment without cause; (d) demanded that Mr. Buczkowski transfer his shares in Madison Mechanical OS Corp. back to the corporation for no consideration; (e) usurped the ongoing business of Madison Mechanical, Inc. for the benefit of their new entity and themselves; (f) usurped the name, goodwill, assets, trade secrets, and accounts receivable of Madison Mechanical, Inc.; (g) usurped corporate opportunities for the benefit of their new entity and themselves, which rightfully belonged to Madison Mechanical, Inc. and Madison Mechanical OS Corp.; and (h) dissolved Madison Mechanical, Inc.

159.   Madison Mechanical OS Corp. has suffered monetary and non-monetary harm as a result of the above breaches of fiduciary duty.

160.   Mr. Buczkowski suffered direct harm as a result of these breaches, separate and distinct from the harm suffered by the corporation, in that Defendants wrongfully terminated his employment and demanded that he transfer his shares in Madison Mechanical OS Corp. back to the corporation for no consideration.

161.   Furthermore, unlike all of the other shareholders of Madison Mechanical OS Corp., Mr. Buczkowski is not a member of Madison Mechanical Contracting, LLC.

WHEREFORE, the Plaintiff demands:

a.   That the Court enter judgment in favor of Plaintiff and against Defendants, and award damages in an amount exceeding $75,000;

b.      That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical OS Corp. from December 13, 2007 to the present;

c.      That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical, Inc. from December 13, 2007 to the present;

d.      That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical Contracting, LLC from August 20, 2015 to the present;

e.      That the Court enter a preliminary and permanent injunction prohibiting Defendants from (i) using the name, goodwill, trade secrets, or assets of Madison Mechanical, Inc. or Madison Mechanical OS Corp. for the benefit of themselves individually or Madison Mechanical Contracting, LLC; (ii) performing services for the benefit of Madison Mechanical Contracting, LLC under subcontracts entered into by or for the benefit of Madison Mechanical, Inc. or Madison Mechanical OS Corp.; and (iii) usurping corporate opportunities for themselves or Madison Mechanical Contracting, LLC that rightfully belong to Madison Mechanical, Inc. or Madison Mechanical OS Corp.;

e.      That the Court issue a declaratory judgment that Defendants wrongfully and improperly dissolved Madison Mechanical, Inc. and ordering that the corporation be revived;

36

f.      That the Court award Plaintiff his reasonable attorneys' fees, costs, and

expenses incurred in prosecuting this action; and

g.      That the Court award the Plaintiff such other and further relief as in law

and justice he may be entitled to receive.

## Count 4 – Oppression of Minority Shareholder

### (Derivative Action on Behalf of Madison Mechanical OS Corp.)

### (Against Glenn A. Haslam, Gary Garofalo, Richard Lombardo, and Lawrence Kraemer)

162.    The Plaintiff incorporates by reference the substance of all the foregoing

factual allegations.

163.    At all times relevant to this case, Mr. Buczkowski was, and remains, a

13% shareholder of Madison Mechanical OS Corp., a Maryland corporation.

164.    Defendants Glenn Haslam (54%), Gary Garofalo (13%), Lawrence

Kraemer (10%), and Richard Lombardo (10%) are the other shareholders of Madison

Mechanical OS Corp.

165.    As a majority shareholder, Mr. Haslam owes a fiduciary duty to Mr.

Buczkowski to not exercise his control to the disadvantage of Mr. Buczkowski. Mr.

Haslam owes a fiduciary duty to Mr. Buczkowski to not use his voting power for his

own benefit or for a purpose adverse to the interests of the corporation and its stockholders.

166.    As a majority of the shareholders, Mr. Haslam, Mr. Garofalo, Mr. Kraemer, and Mr. Lombardo owe a fiduciary duty to Mr. Buczkowski to not exercise their control to the disadvantage of Mr. Buczkowski. The majority shareholders owe a fiduciary duty to Mr. Buczkowski to not use their voting power for their own benefit or for a purpose adverse to the interests of the corporation and its stockholders.

167.    Mr. Haslam, Mr. Garofalo, Mr. Lombardo, and Mr. Kraemer breached the above duties when they (a) formed a new entity, Madison Mechanical Contracting, LLC, to compete directly with Madison Mechanical OS Corp. and its subsidiary, Madison Mechanical, Inc.; (b) concealed their plan and actions from Mr. Buczkowski; (c) purported to terminate Mr. Buczkowski's employment without cause; (d) demanded that Mr. Buczkowski transfer his shares in Madison Mechanical OS Corp. back to the corporation for no consideration; (e) usurped the ongoing business of Madison Mechanical, Inc. for the benefit of their new entity and themselves; (f) usurped the name, goodwill, assets, trade secrets, and accounts receivable of Madison Mechanical, Inc.; (g) usurped corporate opportunities for the benefit of their new entity and themselves, which rightfully belonged to Madison Mechanical, Inc. and Madison Mechanical OS Corp.; and (h) dissolved Madison Mechanical, Inc.

168.    Madison Mechanical OS Corp. has suffered monetary and non-monetary harm as a result of the above breaches of fiduciary duty.

169.   Any demand by Mr. Buczkowski on Madison Mechanical OS Corp. to take legal action against Mr. Haslam, Mr. Garofalo, Mr. Lombardo, and Mr. Kraemer would be futile because a majority of the directors and shareholders of the corporation are so personally and directly conflicted or committed to the decisions in dispute that they cannot reasonably be expected to respond to a demand in good faith and within the ambit of the business judgment rule.

170.   Nevertheless, on May 10, 2016, Mr. Buczkowski informed Mr. Haslam, the Director and President of the corporation, of these breaches of fiduciary duty and demanded that the corporation take legal action against Mr. Haslam, Mr. Garofalo, Mr. Lombardo, and Mr. Kraemer.

171.   By letter from counsel on May 13, 2016, Mr. Haslam on behalf of Madison Mechanical OS Corp. informed Mr. Buczkowski that his demand "has been considered by the Corporation's Board and rejected as baseless."

WHEREFORE, the Plaintiff, on behalf of Madison Mechanical OS Corporation, demands:

a.     That the Court enter judgment in favor of Plaintiff and against Defendants, and award damages in an amount exceeding $75,000;

b.     That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical OS Corp. from December 13, 2007 to the present;

c.     That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical, Inc. from December 13, 2007 to the present;

d.     That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical Contracting, LLC from August 20, 2015 to the present;

e.     That the Court enter a preliminary and permanent injunction prohibiting Defendants from (i) using the name, goodwill, trade secrets, or assets of Madison Mechanical, Inc. or Madison Mechanical OS Corp. for the benefit of themselves individually or Madison Mechanical Contracting, LLC; (ii) performing services for the benefit of Madison Mechanical Contracting, LLC under subcontracts entered into by or for the benefit of Madison Mechanical, Inc. or Madison Mechanical OS Corp.; and (iii) usurping corporate opportunities for themselves or Madison Mechanical Contracting, LLC that rightfully belong to Madison Mechanical, Inc. or Madison Mechanical OS Corp.;

e.     That the Court issue a declaratory judgment that Defendants wrongfully and improperly dissolved Madison Mechanical, Inc. and ordering that the corporation be revived;

f.     That the Court award Plaintiff his reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

40

g.    That the Court award the Plaintiff such other and further relief as in law and justice he may be entitled to receive.

## Count 5 – Breach of Fiduciary Duty

### (Against Glenn A. Haslam, Gary Garofalo, Richard Lombardo, and Lawrence Kraemer)

172.    The Plaintiff incorporates by reference the substance of all the foregoing factual allegations.

173.    Defendants Glenn Haslam (54%), Gary Garofalo (13%), Lawrence Kraemer (10%), and Richard Lombardo (10%) are the other shareholders of Madison Mechanical OS Corp.

174.    Upon information and belief, Defendant Haslam is the sole Director of Madison Mechanical OS Corp, and is the President of the corporation.

175.    As a director and officer of Madison Mechanical OS Corp, Mr. Haslam owes fiduciary duties to the corporation and its shareholders.

176.    Among other duties, Mr. Haslam owes duties of care, loyalty, and good faith to the corporation and its shareholders.

177.    Under Md. Code, Corps. & Assocs. § 2-405.1(a), Mr. Haslam has a duty to, at all times, manage the corporation in good faith, in a manner he reasonably believes to be in the best interests of the corporation; and with the care that an ordinarily prudent person in a like position would use under similar circumstances.

41

178.   As a director and officer of the corporation, Mr. Haslam has a duty to not usurp, for his personal benefit, a business opportunity rightfully belonging to the corporation.

179.   As shareholders of the corporation, Mr. Garofalo, Mr. Lombardo, and Mr. Kraemer likewise owe duties of loyalty to the corporation, and may not usurp, for their own personal benefit, a business opportunity rightfully belonging to the corporation.

180.   Mr. Haslam, Mr. Garofalo, Mr. Lombardo, and Mr. Kraemer breached the above duties when they (a) formed a new entity, Madison Mechanical Contracting, LLC, to compete directly with Madison Mechanical OS Corp. and its subsidiary, Madison Mechanical, Inc.; (b) usurped the ongoing business of Madison Mechanical, Inc. for the benefit of their new entity and themselves; (c) usurped the name, goodwill, trade secrets, assets, and accounts receivable of Madison Mechanical, Inc.; (d) usurped corporate opportunities for the benefit of their new entity and themselves, which rightfully belonged to Madison Mechanical, Inc.; and (e) dissolved Madison Mechanical, Inc.

181.   Madison Mechanical OS Corp. has suffered monetary and non-monetary harm as a result of the above breaches of fiduciary duty.

182.   Mr. Buczkowski suffered direct harm as a result of these breaches, separate and distinct from the harm suffered by the corporation, in that Defendants wrongfully terminated his employment and demanded that he transfer his shares in Madison Mechanical OS Corp. back to the corporation for no consideration.

183.    Furthermore, unlike all of the other shareholders of Madison Mechanical

OS Corp., Mr. Buczkowski is not a member of Madison Mechanical Contracting, LLC.

WHEREFORE, the Plaintiff demands:

a.    That the Court enter judgment in favor of Plaintiff and against

Defendants, and award damages in an amount exceeding $75,000;

b.    That the Court order Defendants to provide a full accounting of all

financial dealings and transactions of Madison Mechanical OS Corp. from December

13, 2007 to the present;

c.    That the Court order Defendants to provide a full accounting of all

financial dealings and transactions of Madison Mechanical, Inc. from December 13,

2007 to the present;

d.    That the Court order Defendants to provide a full accounting of all

financial dealings and transactions of Madison Mechanical Contracting, LLC from

August 20, 2015 to the present;

e.    That the Court enter a preliminary and permanent injunction

prohibiting Defendants from (i) using the name, goodwill, trade secrets, or assets of

Madison Mechanical, Inc. or Madison Mechanical OS Corp. for the benefit of

themselves individually or Madison Mechanical Contracting, LLC; (ii) performing

services for the benefit of Madison Mechanical Contracting, LLC under subcontracts

entered into by or for the benefit of Madison Mechanical, Inc. or Madison Mechanical

OS Corp.; and (iii) usurping corporate opportunities for themselves or Madison

43

Mechanical Contracting, LLC that rightfully belong to Madison Mechanical, Inc. or Madison Mechanical OS Corp.;

e.     That the Court issue a declaratory judgment that Defendants wrongfully and improperly dissolved Madison Mechanical, Inc. and ordering that the corporation be revived;

f.     That the Court award Plaintiff his reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

g.     That the Court award the Plaintiff such other and further relief as in law and justice he may be entitled to receive.

## Count 6 – Breach of Fiduciary Duty

### (Derivative Action on Behalf of Madison Mechanical OS Corp.)

### (Against Glenn A. Haslam, Gary Garofalo, Richard Lombardo, and Lawrence Kraemer)

184.     The Plaintiff incorporates by reference the substance of all the foregoing factual allegations.

185.     At all times relevant to this case, Mr. Buczkowski was, and remains, a 13% shareholder of Madison Mechanical OS Corp., a Maryland corporation.

186.     Defendants Glenn Haslam (54%), Gary Garofalo (13%), Lawrence Kraemer (10%), and Richard Lombardo (10%) are the other shareholders of Madison Mechanical OS Corp.

187.     Upon information and belief, Defendant Haslam is the sole Director of Madison Mechanical OS Corp., and is the President of the corporation.

44

188.   As a director and officer of Madison Mechanical OS Corp., Mr. Haslam owes fiduciary duties to the corporation and its shareholders.

189.   Among other duties, Mr. Haslam owes duties of care, loyalty, and good faith to the corporation and its shareholders.

190.   Under Md. Code, Corps. & Assocs. § 2-405.1(a), Mr. Haslam has a duty to, at all times, manage the corporation in good faith, in a manner he reasonably believes to be in the best interests of the corporation; and with the care that an ordinarily prudent person in a like position would use under similar circumstances.

191.   As a director and officer of the corporation, Mr. Haslam has a duty to not usurp, for his personal benefit, a business opportunity rightfully belonging to the corporation.

192.   As shareholders of the corporation, Mr. Garofalo, Mr. Lombardo, and Mr. Kraemer likewise owe duties of loyalty to the corporation, and may not usurp, for their own personal benefit, a business opportunity rightfully belonging to the corporation.

193.   In addition, as employees of Madison Mechanical OS Corp., Mr. Haslam, Mr. Garofalo, Mr. Lombardo, and Mr. Kraemer have a duty of loyalty to the corporation, and may not solicit for themselves business which their positions require them to obtain for the corporation, their employer. They have a duty to refrain from actively and directly competing with the corporation for customers and employees, and must continue to exert their best efforts on behalf of the corporation.

45

194. Mr. Haslam, Mr. Garofalo, Mr. Lombardo, and Mr. Kraemer breached the above duties when they (a) formed a new entity, Madison Mechanical Contracting, LLC, to compete directly with Madison Mechanical OS Corp. and its subsidiary, Madison Mechanical, Inc.; (b) usurped the ongoing business of Madison Mechanical, Inc. for the benefit of their new entity and themselves; (c) usurped the name, goodwill, trade secrets, assets, and accounts receivable of Madison Mechanical, Inc.; (d) usurped corporate opportunities for the benefit of their new entity and themselves, which rightfully belonged to Madison Mechanical, Inc. and Madison Mechanical OS Corp.; and (e) dissolved Madison Mechanical, Inc.

195. Madison Mechanical OS Corp. has suffered monetary and non-monetary harm as a result of the above breaches of fiduciary duty.

196. Any demand by Mr. Buczkowski on Madison Mechanical OS Corp. to take legal action against Mr. Haslam, Mr. Garofalo, Mr. Lombardo, and Mr. Kraemer would be futile because a majority of the directors and shareholders of the corporation are so personally and directly conflicted or committed to the decisions in dispute that they cannot reasonably be expected to respond to a demand in good faith and within the ambit of the business judgment rule.

197. Nevertheless, on May 10, 2016, Mr. Buczkowski informed Mr. Haslam, the Director and President of the corporation, of these breaches of fiduciary duty and requested that the corporation take legal action against Mr. Haslam, Mr. Garofalo, Mr. Lombardo, and Mr. Kraemer.

198.   By letter from counsel on May 13, 2016, Mr. Haslam on behalf of Madison Mechanical OS Corporation informed Mr. Buczkowski that his demand "has been considered by the Corporation's Board and rejected as baseless."

WHEREFORE, the Plaintiff, on behalf of Madison Mechanical OS Corporation, demands:

a.   That the Court enter judgment in favor of Plaintiff and against Defendants, and award damages in an amount exceeding $75,000;

b.   That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical OS Corp. from December 13, 2007 to the present;

c.   That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical, Inc. from December 13, 2007 to the present;

d.   That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical Contracting, LLC from August 20, 2015 to the present;

e.   That the Court enter a preliminary and permanent injunction prohibiting Defendants from (i) using the name, goodwill, trade secrets, or assets of Madison Mechanical, Inc. or Madison Mechanical OS Corp. for the benefit of themselves individually or Madison Mechanical Contracting, LLC; (ii) performing services for the benefit of Madison Mechanical Contracting, LLC under subcontracts

47

entered into by or for the benefit of Madison Mechanical, Inc. or Madison Mechanical

OS Corp.; and (iii) usurping corporate opportunities for themselves or Madison

Mechanical Contracting, LLC that rightfully belong to Madison Mechanical, Inc. or

Madison Mechanical OS Corp.;

e.       That the Court issue a declaratory judgment that Defendants wrongfully

and improperly dissolved Madison Mechanical, Inc. and ordering that the corporation

be revived;

f.       That the Court award Plaintiff his reasonable attorneys' fees, costs, and

expenses incurred in prosecuting this action; and

g.       That the Court award the Plaintiff such other and further relief as in law

and justice he may be entitled to receive.

### Count 7 – Tortious Interference with Economic Relations

**(Against Glenn A. Haslam, Gary Garofalo,
Richard Lombardo, Lawrence Kraemer, Richard Arnold,
and Madison Mechanical Contracting, LLC)**

199.   The Plaintiff incorporates by reference the substance of all the foregoing

factual allegations.

200.   On or about August 20, 2015, Richard Arnold, Glenn Haslam, Gary

Garofalo, Richard Lombardo, and Lawrence Kraemer formed Madison Mechanical

Contracting, LLC.

201.   Within months of its formation, Madison Mechanical Contracting, LLC

took over ongoing projects that were previously being performed by Madison

Mechanical, Inc. and began performing the projects for the benefit of Madison Mechanical Contracting, LLC and its members.

202.    Madison Mechanical Contracting, LLC assumed ongoing projects under subcontracts that were entered into by Madison Mechanical, Inc.

203.    Madison Mechanical Contracting, LLC misappropriated the name, goodwill, assets, trade secrets, and accounts receivable of Madison Mechanical, Inc.

204.    Defendants diverted corporate opportunities for new projects from Madison Mechanical, Inc. and Madison Mechanical OS Corp. to Madison Mechanical Contracting, LLC.

205.    Defendants used knowledge and information obtained through their positions as shareholders, officers, directors, and/or employees of Madison Mechanical OS Corp. to compete with Madison Mechanical OS Corp. and divert corporate opportunities from Madison Mechanical OS Corp. for the benefit of Madison Mechanical Contracting, LLC and its members.

206.    Defendants dissolved Madison Mechanical, Inc.

207.    Because Madison Mechanical, Inc. was a subsidiary of Madison Mechanical OS Corp., the above actions by Defendants was to the detriment of Madison Mechanical OS Corp.

208.    Defendants thus took intentional and willful actions, which were calculated to cause damage and loss to Madison Mechanical OS Corp. in its lawful

business, and which were done for the unlawful purpose of causing such damage and loss, and which resulted in damage and loss to the corporation.

209.    Mr. Buczkowski suffered direct harm as a result of the above tortious interference, separate and distinct from the harm suffered by the corporation, in that Defendants wrongfully terminated his employment and demanded that he transfer his shares in Madison Mechanical OS Corp. back to the corporation for no consideration.

210.    Furthermore, unlike all of the other shareholders of Madison Mechanical OS Corp., Mr. Buczkowski is not a member of Madison Mechanical Contracting, LLC.

WHEREFORE, the Plaintiff demands:

a.      That the Court enter judgment in favor of Plaintiff and against Defendants, and award damages in an amount exceeding $75,000;

b.      That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical OS Corp. from December 13, 2007 to the present;

c.      That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical, Inc. from December 13, 2007 to the present;

d.      That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical Contracting, LLC from August 20, 2015 to the present;

e.      That the Court enter a preliminary and permanent injunction prohibiting Defendants from (i) using the name, goodwill, trade secrets, or assets of Madison Mechanical, Inc. or Madison Mechanical OS Corp. for the benefit of themselves individually or Madison Mechanical Contracting, LLC; (ii) performing services for the benefit of Madison Mechanical Contracting, LLC under subcontracts entered into by or for the benefit of Madison Mechanical, Inc. or Madison Mechanical OS Corp.; and (iii) usurping corporate opportunities for themselves or Madison Mechanical Contracting, LLC that rightfully belong to Madison Mechanical, Inc. or Madison Mechanical OS Corp.;

e.      That the Court issue a declaratory judgment that Defendants wrongfully and improperly dissolved Madison Mechanical, Inc. and ordering that the corporation be revived;

f.      That the Court award Plaintiff his reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

g.      That the Court award the Plaintiff such other and further relief as in law and justice he may be entitled to receive.

## Count 8 – Tortious Interference with Economic Relations

### (Derivative Action on Behalf of Madison Mechanical OS Corp.)

**(Against Glenn A. Haslam, Gary Garofalo,
Richard Lombardo, Lawrence Kraemer, Richard Arnold,
and Madison Mechanical Contracting, LLC)**

211.   The Plaintiff incorporates by reference the substance of all the foregoing factual allegations.

212.   On or about August 20, 2015, Richard Arnold, Glenn Haslam, Gary Garofalo, Richard Lombardo, and Lawrence Kraemer formed Madison Mechanical Contracting, LLC.

213.   Within months of its formation, Madison Mechanical Contracting, LLC took over ongoing projects that were previously being performed by Madison Mechanical, Inc. and began performing the projects for the benefit of Madison Mechanical Contracting, LLC and its members.

214.   Madison Mechanical Contracting, LLC assumed ongoing projects under subcontracts that were entered into by Madison Mechanical, Inc. Upon information and belief, Madison Mechanical Contracting, LLC is using the trade name, Madison Mechanical, Inc.

215.   Madison Mechanical Contracting, LLC misappropriated the name, goodwill, assets, trade secrets, and accounts receivable of Madison Mechanical, Inc.

216.   Defendants diverted corporate opportunities for new projects from Madison Mechanical, Inc. and Madison Mechanical OS Corp. to Madison Mechanical Contracting, LLC.

217.   Defendants used knowledge and information obtained through their positions as shareholders, officers, directors, and/or employees of Madison Mechanical OS Corp. to compete with Madison Mechanical OS Corp. and divert corporate

opportunities from Madison Mechanical OS Corp. for the benefit of Madison Mechanical Contracting, LLC and its members.

218.   Defendants dissolved Madison Mechanical, Inc.

219.   Because Madison Mechanical, Inc. was a subsidiary of Madison Mechanical OS Corp., the above actions by Defendants was to the detriment of Madison Mechanical OS Corp.

220.   Defendants thus took intentional and willful actions, which were calculated to cause damage and loss to Madison Mechanical OS Corp. in its lawful business, and which were done for the unlawful purpose of causing such damage and loss, and which resulted in damage and loss to the corporation.

221.   Any demand by Mr. Buczkowski on Madison Mechanical OS Corp. to take legal action against Mr. Haslam, Mr. Garofalo, Mr. Lombardo, Mr. Kraemer, Mr. Arnold, and Madison Mechanical Contracting, LLC would be futile because a majority of the directors and shareholders of the corporation are so personally and directly conflicted or committed to the decisions in dispute that they cannot reasonably be expected to respond to a demand in good faith and within the ambit of the business judgment rule.

222.   Nevertheless, on May 10, 2016, Mr. Buczkowski informed Mr. Haslam, the Director and President of the corporation, of the above tortious interference and requested that the corporation take legal action against Mr. Haslam, Mr. Garofalo, Mr. Lombardo, Mr. Kraemer, Mr. Arnold, and Madison Mechanical Contracting, LLC.

223.     By letter from counsel on May 13, 2016, Mr. Haslam on behalf of Madison Mechanical OS Corporation informed Mr. Buczkowski that his demand "has been considered by the Corporation's Board and rejected as baseless."

WHEREFORE, the Plaintiff demands:

a.      That the Court enter judgment in favor of Plaintiff and against Defendants, and award damages in an amount exceeding $75,000;

b.      That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical OS Corp. from December 13, 2007 to the present;

c.      That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical, Inc. from December 13, 2007 to the present;

d.      That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical Contracting, LLC from August 20, 2015 to the present;

e.      That the Court enter a preliminary and permanent injunction prohibiting Defendants from (i) using the name, goodwill, trade secrets, or assets of Madison Mechanical, Inc. or Madison Mechanical OS Corp. for the benefit of themselves individually or Madison Mechanical Contracting, LLC; (ii) performing services for the benefit of Madison Mechanical Contracting, LLC under subcontracts entered into by or for the benefit of Madison Mechanical, Inc. or Madison Mechanical

OS Corp.; and (iii) usurping corporate opportunities for themselves or Madison

Mechanical Contracting, LLC that rightfully belong to Madison Mechanical, Inc. or

Madison Mechanical OS Corp.;

   e. That the Court issue a declaratory judgment that Defendants wrongfully

and improperly dissolved Madison Mechanical, Inc. and ordering that the corporation

be revived;

   f. That the Court award Plaintiff his reasonable attorneys' fees, costs, and

expenses incurred in prosecuting this action; and

   g. That the Court award the Plaintiff such other and further relief as in law

and justice he may be entitled to receive.

### Count 9 – Unjust Enrichment

**(Against Glenn A. Haslam, Gary Garofalo,
Richard Lombardo, Lawrence Kraemer, Richard Arnold,
and Madison Mechanical Contracting, LLC)**

   224. The Plaintiff incorporates by reference the substance of all the foregoing

factual allegations.

   225. On or about August 20, 2015, Richard Arnold, Glenn Haslam, Gary

Garofalo, Richard Lombardo, and Lawrence Kraemer formed Madison Mechanical

Contracting, LLC.

   226. Within months of its formation, Madison Mechanical Contracting, LLC

took over ongoing projects that were previously being performed by Madison

Mechanical, Inc. and began performing the projects for the benefit of Madison Mechanical Contracting, LLC and its members.

227.   Madison Mechanical Contracting, LLC assumed ongoing projects under subcontracts that were entered into by Madison Mechanical, Inc. Upon information and belief, Madison Mechanical Contracting, LLC is using the trade name, Madison Mechanical, Inc.

228.   Madison Mechanical Contracting, LLC misappropriated the name, goodwill, assets, trade secrets, and accounts receivable of Madison Mechanical, Inc.

229.   Defendants diverted corporate opportunities for new projects from Madison Mechanical, Inc. and Madison Mechanical OS Corp. to Madison Mechanical Contracting, LLC.

230.   Defendants used knowledge and information obtained through their positions as shareholders, officers, directors, and/or employees of Madison Mechanical OS Corp. to compete with Madison Mechanical OS Corp. and divert corporate opportunities from Madison Mechanical OS Corp. for the benefit of Madison Mechanical Contracting, LLC and its members.

231.   Thus, benefits were conferred on Defendants by Madison Mechanical OS Corp.

232.   Defendants are aware and have knowledge of the benefits they received from Madison Mechanical OS Corp.

233.    Under the circumstances, in would be inequitable for Defendants to retain these benefits without paying the value of these benefits or returning the funds wrongfully obtained to Madison Mechanical OS Corp.

234.    Mr. Buczkowski suffered direct harm as a result of the above unjust enrichment, separate and distinct from the harm suffered by the corporation, in that Defendants wrongfully terminated his employment and demanded that he transfer his shares in Madison Mechanical OS Corp. back to the corporation for no consideration.

235.    Furthermore, unlike all of the other shareholders of Madison Mechanical OS Corp., Mr. Buczkowski is not a member of Madison Mechanical Contracting, LLC.

WHEREFORE, the Plaintiff demands:

a.    That the Court enter judgment in favor of Plaintiff and against Defendants, and award damages in an amount exceeding $75,000;

b.    That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical OS Corp. from December 13, 2007 to the present;

c.    That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical, Inc. from December 13, 2007 to the present;

d.     That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical Contracting, LLC from August 20, 2015 to the present;

e.     That the Court enter a preliminary and permanent injunction prohibiting Defendants from (i) using the name, goodwill, trade secrets, or assets of Madison Mechanical, Inc. or Madison Mechanical OS Corp. for the benefit of themselves individually or Madison Mechanical Contracting, LLC; (ii) performing services for the benefit of Madison Mechanical Contracting, LLC under subcontracts entered into by or for the benefit of Madison Mechanical, Inc. or Madison Mechanical OS Corp.; and (iii) usurping corporate opportunities for themselves or Madison Mechanical Contracting, LLC that rightfully belong to Madison Mechanical, Inc. or Madison Mechanical OS Corp.;

e.     That the Court issue a declaratory judgment that Defendants wrongfully and improperly dissolved Madison Mechanical, Inc. and ordering that the corporation be revived;

f.     That the Court award Plaintiff his reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

g.     That the Court award the Plaintiff such other and further relief as in law and justice he may be entitled to receive.

## Count 10 – Unjust Enrichment

## (Derivative Action on Behalf of Madison Mechanical OS Corp.)

58

**(Against Glenn A. Haslam, Gary Garofalo,
Richard Lombardo, Lawrence Kraemer, Richard Arnold,
and Madison Mechanical Contracting, LLC)**

236.   The Plaintiff incorporates by reference the substance of all the foregoing factual allegations.

237.   On or about August 20, 2015, Richard Arnold, Glenn Haslam, Gary Garofalo, Richard Lombardo, and Lawrence Kraemer formed Madison Mechanical Contracting, LLC.

238.   Within months of its formation, Madison Mechanical Contracting, LLC took over ongoing projects that were previously being performed by Madison Mechanical, Inc. and began performing the projects for the benefit of Madison Mechanical Contracting, LLC and its members.

239.   Madison Mechanical Contracting, LLC assumed ongoing projects under subcontracts that were entered into by Madison Mechanical, Inc. Upon information and belief, Madison Mechanical Contracting, LLC is using the trade name, Madison Mechanical, Inc.

240.   Madison Mechanical Contracting, LLC misappropriated the name, goodwill, assets, trade secrets, and accounts receivable of Madison Mechanical, Inc.

241.   Defendants diverted corporate opportunities for new projects from Madison Mechanical, Inc. and Madison Mechanical OS Corp. to Madison Mechanical Contracting, LLC.

242. Defendants used knowledge and information obtained through their positions as shareholders, officers, directors, and/or employees of Madison Mechanical OS Corp. to compete with Madison Mechanical OS Corp. and divert corporate opportunities from Madison Mechanical OS Corp. for the benefit of Madison Mechanical Contracting, LLC and its members.

243. Thus, benefits were conferred on Defendants by Madison Mechanical OS Corp.

244. Defendants are aware and have knowledge of the benefits they received from Madison Mechanical OS Corp.

245. Under the circumstances, in would be inequitable for Defendants to retain these benefits without paying the value of these benefits or returning the funds wrongfully obtained to Madison Mechanical OS Corp.

246. Any demand by Mr. Buczkowski on Madison Mechanical OS Corp. to take legal action against Mr. Haslam, Mr. Garofalo, Mr. Lombardo, Mr. Kraemer, Mr. Arnold, and Madison Mechanical Contracting, LLC would be futile because a majority of the directors and shareholders of the corporation are so personally and directly conflicted or committed to the decisions in dispute that they cannot reasonably be expected to respond to a demand in good faith and within the ambit of the business judgment rule.

247. Nevertheless, on May 10, 2016, Mr. Buczkowski informed Mr. Haslam, the Director and President of the corporation, of the above unjust enrichment and

requested that the corporation take legal action against Mr. Haslam, Mr. Garofalo, Mr. Lombardo, Mr. Kraemer, Mr. Arnold, and Madison Mechanical Contracting, LLC.

248.    By letter from counsel on May 13, 2016, Mr. Haslam on behalf of Madison Mechanical OS Corporation informed Mr. Buczkowski that his demand "has been considered by the Corporation's Board and rejected as baseless."

WHEREFORE, the Plaintiff demands:

a.      That the Court enter judgment in favor of Plaintiff and against Defendants, and award damages in an amount exceeding $75,000;

b.      That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical OS Corp. from December 13, 2007 to the present;

c.      That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical, Inc. from December 13, 2007 to the present;

d.      That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical Contracting, LLC from August 20, 2015 to the present;

e.      That the Court enter a preliminary and permanent injunction prohibiting Defendants from (i) using the name, goodwill, trade secrets, or assets of Madison Mechanical, Inc. or Madison Mechanical OS Corp. for the benefit of themselves individually or Madison Mechanical Contracting, LLC; (ii) performing

61

services for the benefit of Madison Mechanical Contracting, LLC under subcontracts entered into by or for the benefit of Madison Mechanical, Inc. or Madison Mechanical OS Corp.; and (iii) usurping corporate opportunities for themselves or Madison Mechanical Contracting, LLC that rightfully belong to Madison Mechanical, Inc. or Madison Mechanical OS Corp.;

      e.     That the Court issue a declaratory judgment that Defendants wrongfully and improperly dissolved Madison Mechanical, Inc. and ordering that the corporation be revived;

      f.     That the Court award Plaintiff his reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

      g.     That the Court award the Plaintiff such other and further relief as in law and justice he may be entitled to receive.

### <u>Count 11: Unfair Competition – Misappropriation of Trade Secrets</u>

**(Against Glenn A. Haslam, Gary Garofalo,
Richard Lombardo, Lawrence Kraemer, Richard Arnold,
and Madison Mechanical Contracting, LLC)**

249.    The Plaintiff incorporates by reference the substance of all the foregoing factual allegations.

250.    On or about August 20, 2015, Richard Arnold, Glenn Haslam, Gary Garofalo, Richard Lombardo, and Lawrence Kraemer formed Madison Mechanical Contracting, LLC.

251.   Within months of its formation, Madison Mechanical Contracting, LLC took over ongoing projects that were previously being performed by Madison Mechanical, Inc. and began performing the projects for the benefit of Madison Mechanical Contracting, LLC and its members.

252.   Madison Mechanical Contracting, LLC assumed ongoing projects under subcontracts that were entered into by Madison Mechanical, Inc. Upon information and belief, Madison Mechanical Contracting, LLC is using the trade name, Madison Mechanical, Inc.

253.   Madison Mechanical Contracting, LLC misappropriated the name, goodwill, assets, trade secrets, and accounts receivable of Madison Mechanical, Inc.

254.   Defendants diverted corporate opportunities for new projects from Madison Mechanical, Inc. and Madison Mechanical OS Corp. to Madison Mechanical Contracting, LLC.

255.   Defendants used knowledge and information obtained through their positions as shareholders, officers, directors, and/or employees of Madison Mechanical OS Corp. to compete with Madison Mechanical OS Corp. and divert corporate opportunities from Madison Mechanical OS Corp. for the benefit of Madison Mechanical Contracting, LLC and its members.

256.   In doing so, Defendants improperly acquired trade secrets that were developed and/or possessed by Madison Mechanical OS Corp. and used those trade

secrets to the benefit of themselves individually and Madison Mechanical Contracting, LLC, and to the detriment of Madison Mechanical OS Corp.

257. Defendants knew or should have known that the trade secrets were acquired by improper means.

258. Madison Mechanical OS Corp. suffered, and continues to suffer, harm due to the misappropriation of its trade secrets.

259. Mr. Buczkowski suffered direct harm as a result of the above misappropriation of trade secrets, separate and distinct from the harm suffered by the corporation, in that Defendants wrongfully terminated his employment and demanded that he transfer his shares in Madison Mechanical OS Corp. back to the corporation for no consideration.

260. Furthermore, unlike all of the other shareholders of Madison Mechanical OS Corp., Mr. Buczkowski is not a member of Madison Mechanical Contracting, LLC.

WHEREFORE, the Plaintiff demands:

a.      That the Court enter judgment in favor of Plaintiff and against Defendants, and award damages in an amount exceeding $75,000;

b.      That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical OS Corp. from December 13, 2007 to the present;

c.    That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical, Inc. from December 13, 2007 to the present;

d.    That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical Contracting, LLC from August 20, 2015 to the present;

e.    That the Court enter a preliminary and permanent injunction prohibiting Defendants from (i) using the name, goodwill, trade secrets, or assets of Madison Mechanical, Inc. or Madison Mechanical OS Corp. for the benefit of themselves individually or Madison Mechanical Contracting, LLC; (ii) performing services for the benefit of Madison Mechanical Contracting, LLC under subcontracts entered into by or for the benefit of Madison Mechanical, Inc. or Madison Mechanical OS Corp.; and (iii) usurping corporate opportunities for themselves or Madison Mechanical Contracting, LLC that rightfully belong to Madison Mechanical, Inc. or Madison Mechanical OS Corp.;

e.    That the Court issue a declaratory judgment that Defendants wrongfully and improperly dissolved Madison Mechanical, Inc. and ordering that the corporation be revived;

f.    That the Court award Plaintiff his reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

65

g.      That the Court award the Plaintiff such other and further relief as in law

and justice he may be entitled to receive.

### Count 12: Unfair Competition – Misappropriation of Trade Secrets

**(Derivative Action on Behalf of Madison Mechanical OS Corp.)**

**(Against Glenn A. Haslam, Gary Garofalo,
Richard Lombardo, Lawrence Kraemer, Richard Arnold,
and Madison Mechanical Contracting, LLC)**

261.    The Plaintiff incorporates by reference the substance of all the foregoing

factual allegations.

262.    On or about August 20, 2015, Richard Arnold, Glenn Haslam, Gary

Garofalo, Richard Lombardo, and Lawrence Kraemer formed Madison Mechanical

Contracting, LLC.

263.    Within months of its formation, Madison Mechanical Contracting, LLC

took over ongoing projects that were previously being performed by Madison

Mechanical, Inc. and began performing the projects for the benefit of Madison

Mechanical Contracting, LLC and its members.

264.    Madison Mechanical Contracting, LLC assumed ongoing projects under

subcontracts that were entered into by Madison Mechanical, Inc. Upon information

and belief, Madison Mechanical Contracting, LLC is using the trade name, Madison

Mechanical, Inc.

265.    Madison Mechanical Contracting, LLC misappropriated the name,

goodwill, assets, trade secrets, and accounts receivable of Madison Mechanical, Inc.

266.   Defendants diverted corporate opportunities for new projects from Madison Mechanical, Inc. and Madison Mechanical OS Corp. to Madison Mechanical Contracting, LLC.

267.   Defendants used knowledge and information obtained through their positions as shareholders, officers, directors, and/or employees of Madison Mechanical OS Corp. to compete with Madison Mechanical OS Corp. and divert corporate opportunities from Madison Mechanical OS Corp. for the benefit of Madison Mechanical Contracting, LLC and its members.

268.   In doing so, Defendants improperly acquired trade secrets that were developed and/or possessed by Madison Mechanical OS Corp. and used those trade secrets to the benefit of themselves individually and Madison Mechanical Contracting, LLC, and to the detriment of Madison Mechanical OS Corp.

269.   Defendants knew or should have known that the trade secrets were acquired by improper means.

270.   Madison Mechanical OS Corp. suffered, and continues to suffer, harm due to the misappropriation of its trade secrets.

271.   Any demand by Mr. Buczkowski on Madison Mechanical OS Corp. to take legal action against Mr. Haslam, Mr. Garofalo, Mr. Lombardo, Mr. Kraemer, Mr. Arnold, and Madison Mechanical Contracting, LLC would be futile because a majority of the directors and shareholders of the corporation are so personally and directly conflicted or committed to the decisions in dispute that they cannot reasonably be

expected to respond to a demand in good faith and within the ambit of the business judgment rule.

272. Nevertheless, on May 10, 2016, Mr. Buczkowski informed Mr. Haslam, the Director and President of the corporation, of the above unfair competition and misappropriation of trade secrets, and requested that the corporation take legal action against Mr. Haslam, Mr. Garofalo, Mr. Lombardo, Mr. Kraemer, Mr. Arnold, and Madison Mechanical Contracting, LLC.

273. By letter from counsel on May 13, 2016, Mr. Haslam on behalf of Madison Mechanical OS Corporation informed Mr. Buczkowski that his demand "has been considered by the Corporation's Board and rejected as baseless."

WHEREFORE, the Plaintiff demands:

a. That the Court enter judgment in favor of Plaintiff and against Defendants, and award damages in an amount exceeding $75,000;

b. That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical OS Corp. from December 13, 2007 to the present;

c. That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical, Inc. from December 13, 2007 to the present;

68

d.    That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical Contracting, LLC from August 20, 2015 to the present;

e.    That the Court enter a preliminary and permanent injunction prohibiting Defendants from (i) using the name, goodwill, trade secrets, or assets of Madison Mechanical, Inc. or Madison Mechanical OS Corp. for the benefit of themselves individually or Madison Mechanical Contracting, LLC; (ii) performing services for the benefit of Madison Mechanical Contracting, LLC under subcontracts entered into by or for the benefit of Madison Mechanical, Inc. or Madison Mechanical OS Corp.; and (iii) usurping corporate opportunities for themselves or Madison Mechanical Contracting, LLC that rightfully belong to Madison Mechanical, Inc. or Madison Mechanical OS Corp.;

e.    That the Court issue a declaratory judgment that Defendants wrongfully and improperly dissolved Madison Mechanical, Inc. and ordering that the corporation be revived;

f.    That the Court award Plaintiff his reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

g.    That the Court award the Plaintiff such other and further relief as in law and justice he may be entitled to receive.

### Count 13: Constructive Trust

**(Against Glenn A. Haslam, Gary Garofalo,
Richard Lombardo, Lawrence Kraemer, Richard Arnold,**

**and Madison Mechanical Contracting, LLC)**

274.    The Plaintiff incorporates by reference the substance of all the foregoing factual allegations.

275.    On or about August 20, 2015, Richard Arnold, Glenn Haslam, Gary Garofalo, Richard Lombardo, and Lawrence Kraemer formed Madison Mechanical Contracting, LLC.

276.    Within months of its formation, Madison Mechanical Contracting, LLC took over ongoing projects that were previously being performed by Madison Mechanical, Inc. and began performing the projects for the benefit of Madison Mechanical Contracting, LLC and its members.

277.    Madison Mechanical Contracting, LLC assumed ongoing projects under subcontracts that were entered into by Madison Mechanical, Inc. Upon information and belief, Madison Mechanical Contracting, LLC is using the trade name, Madison Mechanical, Inc.

278.    Madison Mechanical Contracting, LLC misappropriated the name, goodwill, assets, trade secrets, and accounts receivable of Madison Mechanical, Inc.

279.    Defendants diverted corporate opportunities for new projects from Madison Mechanical, Inc. and Madison Mechanical OS Corp. to Madison Mechanical Contracting, LLC.

280.    Defendants used knowledge and information obtained through their positions as shareholders, officers, directors, and/or employees of Madison Mechanical

70

OS Corp. to compete with Madison Mechanical OS Corp. and divert corporate

opportunities from Madison Mechanical OS Corp. for the benefit of Madison

Mechanical Contracting, LLC and its members.

281.   In doing so, Defendants improperly acquired trade secrets that were

developed and/or possessed by Madison Mechanical OS Corp. and used those trade

secrets to the benefit of themselves individually and Madison Mechanical Contracting,

LLC, and to the detriment of Madison Mechanical OS Corp.

282.   Thus, Mr. Haslam, Mr. Garofalo, Mr. Lombardo, Mr. Kraemer, Mr.

Arnold, and Madison Mechanical Contracting, LLC acquired property in which

Madison Mechanical OS Corp. and Mr. Buczkowski have a good and equitable interest

and claim.

283.   Defendants acquired this property through fraud, misrepresentation,

and/or other improper methods.

284.   Furthermore, Mr. Haslam, Mr. Garofalo, Mr. Lombardo, and Mr.

Kraemer acquired this property in breach of their fiduciary duties to, and confidential

relationship with, Madison Mechanical OS Corp. and Mr. Buczkowski.

285.   Defendants have been unjustly enriched by wrongfully misappropriating

the name, goodwill, assets, records, trade secrets, accounts receivable, and corporate

opportunities of Madison Mechanical OS Corp.

286.   Mr. Buczkowski suffered direct harm as a result of the above unjust

enrichment, separate and distinct from the harm suffered by the corporation, in that

Defendants wrongfully terminated his employment and demanded that he transfer his shares in Madison Mechanical OS Corp. back to the corporation for no consideration.

287.   Furthermore, unlike all of the other shareholders of Madison Mechanical OS Corp., Mr. Buczkowski is not a member of Madison Mechanical Contracting, LLC.

WHEREFORE, the Plaintiff demands:

a.   That the Court charge upon Defendants a constructive trust consisting of the name, goodwill, assets, records, trade secrets, accounts receivable, and any revenue they wrongfully acquired from Madison Mechanical OS Corp., and order Defendants to convey this property back to Madison Mechanical OS Corp.;

b.   That the Court enter judgment in favor of Plaintiff and against Defendants, and award damages in an amount exceeding $75,000;

c.   That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical OS Corp. from December 13, 2007 to the present;

d.   That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical, Inc. from December 13, 2007 to the present;

e.   That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical Contracting, LLC from August 20, 2015 to the present;

f.     That the Court enter a preliminary and permanent injunction prohibiting Defendants from (i) using the name, goodwill, trade secrets, or assets of Madison Mechanical, Inc. or Madison Mechanical OS Corp. for the benefit of themselves individually or Madison Mechanical Contracting, LLC; (ii) performing services for the benefit of Madison Mechanical Contracting, LLC under subcontracts entered into by or for the benefit of Madison Mechanical, Inc. or Madison Mechanical OS Corp.; and (iii) usurping corporate opportunities for themselves or Madison Mechanical Contracting, LLC that rightfully belong to Madison Mechanical, Inc. or Madison Mechanical OS Corp.;

g.     That the Court issue a declaratory judgment that Defendants wrongfully and improperly dissolved Madison Mechanical, Inc. and ordering that the corporation be revived;

h.     That the Court award Plaintiff his reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

i.     That the Court award the Plaintiff such other and further relief as in law and justice he may be entitled to receive.

### Count 14: Constructive Trust

### (Derivative Action on Behalf of Madison Mechanical OS Corp.)

### (Against Glenn A. Haslam, Gary Garofalo, Richard Lombardo, Lawrence Kraemer, Richard Arnold, and Madison Mechanical Contracting, LLC)

288.   The Plaintiff incorporates by reference the substance of all the foregoing factual allegations.

289.   On or about August 20, 2015, Richard Arnold, Glenn Haslam, Gary Garofalo, Richard Lombardo, and Lawrence Kraemer formed Madison Mechanical Contracting, LLC.

290.   Within months of its formation, Madison Mechanical Contracting, LLC took over ongoing projects that were previously being performed by Madison Mechanical, Inc. and began performing the projects for the benefit of Madison Mechanical Contracting, LLC and its members.

291.   Madison Mechanical Contracting, LLC assumed ongoing projects under subcontracts that were entered into by Madison Mechanical, Inc. Upon information and belief, Madison Mechanical Contracting, LLC is using the trade name, Madison Mechanical, Inc.

292.   Madison Mechanical Contracting, LLC misappropriated the name, goodwill, assets, trade secrets, and accounts receivable of Madison Mechanical, Inc.

293.   Defendants diverted corporate opportunities for new projects from Madison Mechanical, Inc. and Madison Mechanical OS Corp. to Madison Mechanical Contracting, LLC.

294.   Defendants used knowledge and information obtained through their positions as shareholders, officers, directors, and/or employees of Madison Mechanical OS Corp. to compete with Madison Mechanical OS Corp. and divert corporate

74

opportunities from Madison Mechanical OS Corp. for the benefit of Madison

Mechanical Contracting, LLC and its members.

295.    In doing so, Defendants improperly acquired trade secrets that were

developed and/or possessed by Madison Mechanical OS Corp. and used those trade

secrets to the benefit of themselves individually and Madison Mechanical Contracting,

LLC, and to the detriment of Madison Mechanical OS Corp.

296.    Thus, Mr. Haslam, Mr. Garofalo, Mr. Lombardo, Mr. Kraemer, Mr.

Arnold, and Madison Mechanical Contracting, LLC acquired property in which

Madison Mechanical OS Corp. and Mr. Buczkowski have a good and equitable interest

and claim.

297.    Defendants acquired this property through fraud, misrepresentation,

and/or other improper methods.

298.    Furthermore, Mr. Haslam, Mr. Garofalo, Mr. Lombardo, and Mr.

Kraemer acquired this property in breach of their fiduciary duties to, and confidential

relationship with, Madison Mechanical OS Corp. and Mr. Buczkowski.

299.    Defendants have been unjustly enriched by wrongfully misappropriating

the name, goodwill, assets, records, trade secrets, accounts receivable, and corporate

opportunities of Madison Mechanical OS Corp.

300.    Any demand by Mr. Buczkowski on Madison Mechanical OS Corp. to

take legal action against Mr. Haslam, Mr. Garofalo, Mr. Lombardo, Mr. Kraemer, Mr.

Arnold, and Madison Mechanical Contracting, LLC would be futile because a majority

of the directors and shareholders of the corporation are so personally and directly conflicted or committed to the decisions in dispute that they cannot reasonably be expected to respond to a demand in good faith and within the ambit of the business judgment rule.

301.   Nevertheless, on May 10, 2016, Mr. Buczkowski informed Mr. Haslam, the Director and President of the corporation, of the above actions and requested that the corporation take legal action against Mr. Haslam, Mr. Garofalo, Mr. Lombardo, Mr. Kraemer, Mr. Arnold, and Madison Mechanical Contracting, LLC.

302.   By letter from counsel on May 13, 2016, Mr. Haslam on behalf of Madison Mechanical OS Corporation informed Mr. Buczkowski that his demand "has been considered by the Corporation's Board and rejected as baseless."

WHEREFORE, the Plaintiff demands:

a.     That the Court charge upon Defendants a constructive trust consisting of the name, goodwill, assets, records, trade secrets, accounts receivable, and any revenue they wrongfully acquired from Madison Mechanical OS Corp., and order Defendants to convey this property back to Madison Mechanical OS Corp.;

b.     That the Court enter judgment in favor of Plaintiff and against Defendants, and award damages in an amount exceeding $75,000;

c.     That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical OS Corp. from December 13, 2007 to the present;

     d.     That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical, Inc. from December 13, 2007 to the present;

     e.     That the Court order Defendants to provide a full accounting of all financial dealings and transactions of Madison Mechanical Contracting, LLC from August 20, 2015 to the present;

     f.     That the Court enter a preliminary and permanent injunction prohibiting Defendants from (i) using the name, goodwill, trade secrets, or assets of Madison Mechanical, Inc. or Madison Mechanical OS Corp. for the benefit of themselves individually or Madison Mechanical Contracting, LLC; (ii) performing services for the benefit of Madison Mechanical Contracting, LLC under subcontracts entered into by or for the benefit of Madison Mechanical, Inc. or Madison Mechanical OS Corp.; and (iii) usurping corporate opportunities for themselves or Madison Mechanical Contracting, LLC that rightfully belong to Madison Mechanical, Inc. or Madison Mechanical OS Corp.;

     g.     That the Court issue a declaratory judgment that Defendants wrongfully and improperly dissolved Madison Mechanical, Inc. and ordering that the corporation be revived;

     h.     That the Court award Plaintiff his reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

h.    That the Court award Plaintiff his reasonable attorneys' fees, costs, and

expenses incurred in prosecuting this action; and

i.    That the Court award the Plaintiff such other and further relief as in law

and justice he may be entitled to receive.

## JURY DEMAND

COMES NOW the Plaintiff, Robert Buczkowski, by and through counsel, and

demands a trial by jury as to all issues triable by jury in this matter.

Respectfully submitted,

Timothy F. Maloney
Joseph M. Creed
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 (phone)
(301) 220-1214 (fax)
tmaloney@jgllaw.com
jcreed@jgllaw.com

*Counsel for Plaintiff*