# EXHIBIT 16

**CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE**

**THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE** (this "Agreement") is made as of this 24th day of May, 2018, by and among Robert Buczkowski ("Plaintiff" or "Buczkowski") and Madison Mechanical OS Corp., Madison Mechanical Contracting, LLC, Glenn Haslam, Gary Garofalo, Lawrence Kraemer, Richard Lombardo, and Richard Arnold ("Defendants" or "Madison") (hereinafter all of the foregoing are collectively referred to as the "Parties").

**WHEREAS**, On May 10, 2016, Buczkowski made a derivative demand on Madison Mechanical OS Corp. This demand was rejected on May 11, 2016 and on May 27, 2016, and Buczkowski thereafter filed suit against Madison Mechanical OS Corp., Madison Mechanical Contracting, LLC, Glenn A. Haslam, Gary J. Garofalo, Richard Arnold, Lawrence P. Kraemer, and Richard M. Lombardo in the Circuit Court for Baltimore County, Case No. 03-C-16-005782, requesting a declaratory judgment concerning wrongful termination of Buczkowski's employment and his stock in Madison Mechanical OS Corp., and alleging, both directly and derivatively, claims for breach of contract, oppression of a minority shareholder, breach of fiduciary duty, tortious interference with economic relations, unjust enrichment, unfair competition, misappropriation of trade secrets, and constructive trust (the "Action"), and seeking money damages; and

**WHEREAS**, on or about July 27, 2016, Defendants filed a counterclaim against Buczkowski in the Action, asserting claims for declaratory judgment, breach of contract – specific performance, tortious interference with business relationships, and breach of fiduciary duty;

**WHEREAS**, on March 12, 2018, after a hearing on various motions, Richard Arnold was dismissed by the Circuit Court for Baltimore County from this suit altogether; and

**WHEREAS**, the Parties desire to settle, discharge and terminate all claims, counterclaims, controversies and potential claims and controversies which may now exist in their favor, whether known or unknown, against each other without the resort to further litigation, and in particular, but not by way of limitation, any and all claims, suits, or damages of any nature whatsoever, in any way arising out of, or in any way related to the Action referred to above as well as any possible claims either related or unrelated to the Action upon the terms and conditions set forth herein and complete settlement of the above-styled action.

**NOW, THEREFORE**, in consideration of the mutual covenants and undertakings contained herein, and other good valuable consideration, the receipt and adequacy of which are hereby acknowledged by each of the Parties by their execution of this Agreement, the Parties hereby contract and agree to the following terms and conditions as full and complete settlement of the above-styled action:

1. **Incorporation of Recitals**. The Recitals to this instrument are incorporated by reference herein.

2. **Effective Date of This Agreement**. This Agreement will be effective on the date when it is executed by all of the Parties.

3. **Settlement of All Claims**. By executing this document, the Parties expressly agree, declare and acknowledge that it is their intention to resolve all disputes and potential disputes which may now exist in their favor or on their behalf, whether known or unknown, against each of the other Parties, including but not limited to those disputes, claims, and counterclaims in the Action.

4. **Release by Plaintiff**. In consideration of the sum of $725,000 ("Settlement Funds") to be paid as provided in Paragraph 6 and in consideration for the dismissal of the Action, the promises

and agreements of the Parties contained herein, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff releases and forever discharges, on behalf of himself and for his predecessors and successors, heirs, executors, administrators, assigns, related entities, spouse and other family members, and other persons and/or entities, hereby unconditionally releases and forever discharges Madison Mechanical OS Corp., Madison Mechanical Contracting, LLC, Glenn A. Haslam, Gary J. Garofalo, Richard Arnold, Lawrence P. Kraemer, Richard M. Lombardo and all of their respective heirs, spouses, family members, affiliates, subsidiaries, servants, employees, shareholders, employers, stockholders, officers, directors, members, partners, associates, past and present, and all of its predecessors and successors, executors, administrators and/or assigns, of and from all and every manner of acts and actions, cause and causes of actions, suits, arbitrations, mediations, conciliations, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, damages, judgments, executions, claims and demands whatsoever in law or in equity, which Plaintiff ever had, now has, or his predecessors and successors, heirs, executors, administrators, assigns, spouse and other family members, other related entities, persons and/or entities hereafter can, shall or may have, from the beginning of the world to the date of this Release, whether known or unknown, suspected or unsuspected, fixed or contingent, including, but not limited to, all allegations that were or could have been asserted in the Action. This release does not extend to any rights or obligations provided for in this Agreement.

Expressly excluded from this Agreement are any claims that may arise out of Summit First Wave, LLC.

5. **Release by Defendants**. In consideration for the dismissal of the Action, the promises and agreements of the Parties contained herein, and other good and valuable consideration, the receipt of which is hereby acknowledged, Defendants release and forever discharge, and for their predecessors and successors, servants, employees, heirs, executors, administrators, trustees, and assigns, affiliates, subsidiaries, shareholders, stockholders, officers, directors, members, partners, and associates, past and present, remise, release and forever discharge Plaintiff and all of his predecessors and successors, servants, employees, heirs, executors, administrators, trustees, and assigns of and from all and every manner of acts and actions, cause and causes of actions, suits, arbitrations, mediations, conciliations, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, damages, judgments, executions, claims and demands whatsoever in law or in equity, which Defendants ever had, now have, or their predecessors and successors, heirs, executors, administrators, assigns, related entities, persons and/or entities hereafter can, shall or may have, from the beginning of the world to the date of this Release, whether known or unknown, suspected or unsuspected, fixed or contingent, including, but not limited to all allegations that were or could have been asserted in the Action. This release does not extend to any rights or obligations provided for in this Agreement.

Expressly excluded from this Agreement are any claims that may be brought or already pending against Twin City Fire Insurance Company, The Hartford Insurance Company, Alliant Americas, William Franey, and Patricia Biederman. Also expressly excluded from this Agreement are any claims that may arise out of Summit First Wave, LLC.

6. **Payment of Settlement Funds**. The Parties agree that the Settlement Funds will be paid in installments as follows: the first installment in the amount of $462,500 is due within thirty days of the effective date of this Agreement, of which $200,000 shall be paid directly by

Defendants to Buczkowski's legal counsel, Joseph, Greenwald & Laake, P.A. and $262,500 shall be paid by Defendants to Plaintiff; the second installment, in the amount of $131,250, shall be paid by Defendants to Plaintiff on or before September 30, 2018; the third and final installment, in the amount of $131,250, shall be paid by Defendants to Plaintiff on or before December 15, 2018.

Simultaneous with execution of this Agreement, Defendant Madison Mechanical OS Corp. shall execute a certain Promissory Note, attached hereto as Exhibit A. Simultaneous with the execution of this Agreement, Defendants Glenn Haslam, Gary Garofalo, Lawrence Kraemer, and Richard Lombardo shall execute a certain Guaranty Agreement attached hereto as Exhibit B.

7. **Dismissal of the Action**. Within seven (7) days from the effective date of this Agreement, the Parties shall file a Stipulation of Dismissal with Prejudice of the Action.

8. **Cooperation in Insurance Coverage Litigation**. Plaintiff agrees that upon execution of this Agreement by all Parties, he will execute an affidavit concerning his ownership interest in OS Corp. Plaintiff further agrees to testify in a deposition or at trial, upon reasonable notice and at a mutually-agreeable date, time, and location, in Defendants' action against Twin City Fire Insurance Co. or Alliant Americas.

8. **Confidentiality**. The Parties and their respective counsel warrant that all the provisions of this Agreement will remain in strict confidence and that no copy of this Agreement shall be filed with any court, or disclosed to any persons or entities, except where disclosure is required by applicable law, court order, or subpoena compelling disclosure, or in any proceeding to enforce this Agreement. The Parties and their counsel agree to refrain from making any statements about the styled action, the allegations contained therein, or this Agreement. The Parties may, however, in the ordinary course of business, disclose such information to their attorneys, accountants, boards, assignees, or prospective purchasers, or to other persons as required

to effectuate the terms of this Agreement. Defendants may also disclose such information as may be necessary to effectuate insurance coverage for this Action.

9. **Representation of Comprehension of Document**. In entering into this Settlement Agreement, the Parties acknowledge that they have relied upon the advice of their attorneys, who are the attorneys of their own choice, concerning the legal consequences of this Release; that the terms of this Release have been completely read and explained to the Parties by their attorneys; that they are not relying on any representations of the other Parties or their attorneys not contained herein in writing; and that the terms of this Release are fully understood and voluntarily accepted by the Parties.

10. **Warranty of Capacity to Execute Agreement**. The Parties represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of Action referred to in this Release, except as otherwise set forth herein; that the Parties have the sole right and exclusive authority to execute the Release and receive the sums specified in it; and that the Parties have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of Action referred to in this Release.

11. **Applicable Law**. Regardless of where this instrument is executed, it shall be construed and interpreted in accordance with the laws of the State of Maryland. In no event, however, will resort be had to any presumption or other rule of law requiring construction against the party who drafted or caused this instrument to be drafted.

12. **Modification**. This instrument may not be modified or changed orally, but only by an agreement in writing signed by the party against whom enforcement of any such modification or change is or may be sought.

13. **Cooperation**. The Parties agree to cooperate fully and execute any and all supplementary documents and to take any and all additional Action that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release, and which are not inconsistent with the terms set forth herein.

14. **Entire Agreement and Successors-In-Interest**. This Release contains the entire agreement between the Parties with regard to the matters set forth herein regardless of the adequacy of the compensation and the Parties have no obligation to do any act other than as set forth herein. Additionally, this Release shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each of the Parties.

15. **No Admission/Denial of Liability**. The Parties by reason of agreeing to this compromise and agreement deny liability of any and every sort and state they have made no agreement to do or omit to do any act or thing not set forth herein. They further state that this Agreement is entered as a compromise in order to avoid expense and to terminate all controversy and/or claims for injuries or damages of whatsoever nature known or unknown, including further developments thereof in any way growing out of or connected with the dispute.

16. **Counterparts**. This Settlement Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed one and the same agreement. A scanned or faxed signature shall be deemed an original.

17. **Invalidation**. If any provision of the Agreement is invalidated by a court of competent jurisdiction, then all of the remaining provisions of this Agreement shall remain in full force and effect, provided that the Parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

**[SIGNATURE PAGE FOLLOWS]**

ROBERT BUCZKOWSKI
Individually and derivatively on behalf of Madison Mechanical, Inc.

By: ______________________
Robert Buczkowski

DATE:______________________

GLENN HASLAM
Individually and as President and CEO of Madison Mechanical OS Corp., Madison Mechanical, Inc., and Madison Mechanical Contracting, LLC

By: ______________________
Glenn Haslam

DATE: 5/24/18

GARY GAROFALO

By: ______________________
Gary Garofalo

DATE:______________________

LAWRENCE KRAEMER

By: ______________________
Lawrence Kraemer

DATE:______________________

RICHARD LOMBARDO

By: ______________________
Richard Lombardo

DATE:______________________

RICHARD ARNOLD

By: ______________________
Richard Arnold

DATE: 5|24|2018

**ROBERT BUCZKOWSKI**
**Individually and derivatively on behalf of Madison Mechanical, Inc.**

**By:** ______________________
**Robert Buczkowski**

**DATE:**______________________

**GLENN HASLAM**
**Individually and as President and CEO of Madison Mechanical OS Corp., Madison Mechanical, Inc., and Madison Mechanical Contracting, LLC**

**By:** ______________________
**Glenn Haslam**

**DATE:** 5/24/18

**GARY GAROFALO**

**By:** ______________________
**Gary Garofalo**

**DATE:** 5/24/18

**LAWRENCE KRAEMER**

**By:** ______________________
**Lawrence Kraemer**

**DATE:**______________________

**RICHARD LOMBARDO**

**By:** ______________________
**Richard Lombardo**

**DATE:**______________________

**RICHARD ARNOLD**

**By:** ______________________
**Richard Arnold**

**DATE:** 5/24/2018

ROBERT BUCZKOWSKI
Individually and derivatively on behalf of Madison Mechanical, Inc.

By: ______________________________
Robert Buczkowski

DATE:______________________________

GLENN HASLAM
Individually and as President and CEO of Madison Mechanical OS Corp., Madison Mechanical, Inc., and Madison Mechanical Contracting, LLC

By: ______________________________
Glenn Haslam

DATE:______________________________

GARY GAROFALO

By: ______________________________
Gary Garofalo

DATE:______________________________

LAWRENCE KRAEMER

By: ______________________________
Lawrence Kraemer

DATE: 5/24/2018

RICHARD LOMBARDO

By: ______________________________
Richard Lombardo

DATE:______________________________

RICHARD ARNOLD

By: ______________________________
Richard Arnold

DATE:______________________________

ROBERT BUCZKOWSKI
Individually and derivatively on behalf of Madison Mechanical, Inc.

By: ______________________________
Robert Buczkowski

DATE: ______________________________

GLENN HASLAM
Individually and as President and CEO of Madison Mechanical OS Corp., Madison Mechanical, Inc., and Madison Mechanical Contracting, LLC

By: ______________________________
Glenn Haslam

DATE: ______________________________

GARY GAROFALO

By: ______________________________
Gary Garofalo

DATE: ______________________________

LAWRENCE KRAEMER

By: ______________________________
Lawrence Kraemer

DATE: ______________________________

RICHARD LOMBARDO

DocuSigned by:
By: Richard Lombardo
Richard Lombardo

DATE: 5/24/2018 6:12:45 AM PDT

RICHARD ARNOLD

By: ______________________________
Richard Arnold

DATE: ______________________________

ROBERT BUCZKOWSKI
Individually and derivatively on behalf of Madison Mechanical, Inc.

By: ______________________
Robert Buczkowski

DATE: 5/25/18

GLENN HASLAM
Individually and as President and CEO of Madison Mechanical OS Corp., Madison Mechanical, Inc., and Madison Mechanical Contracting, LLC

By: ______________________
Glenn Haslam

DATE: ______________________

GARY GAROFALO

By: ______________________
Gary Garofalo

DATE: ______________________

LAWRENCE KRAEMER

By: ______________________
Lawrence Kraemer

DATE: ______________________

RICHARD LOMBARDO

By: ______________________
Richard Lombardo

DATE: ______________________

RICHARD ARNOLD

By: ______________________
Richard Arnold

DATE: ______________________